**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
ZLOOP, Inc.,                                  :   Case No.  15-11660 (XXX)
                                              :
              Debtor.                         :
                                              :
Employer's Tax Identification No.:            :
46-5542960                                    :
-----------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
ZLOOP Nevada, LLC,                            :   Case No.  15-11661 (XXX)
                                              :
              Debtor.                         :
                                              :
Employer's Tax Identification No.:            :
30-0827516                                    :
                                              :
-----------------------------------------------------------x
                                              :
In re:                                        :
                                              :
ZLOOP Knitting Mill, LLC,                     :   Chapter 11
                                              :
              Debtor.                         :   Case No.  15-11662 (XXX)
                                              :
Employer's Tax Identification No.:            :
46-1467098                                    :
----------------------------------------------------------- x
```

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

ZLOOP, Inc., and certain of its subsidiaries and affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), by and through their attorneys, DLA Piper LLP (US),

hereby move the Court (the "Motion") for the entry of an order pursuant to Rule 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (ii) granting certain related relief (the "Motion").  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Debtors, their estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

2.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases.

3.      The Debtors operate a proprietary, state of the art, 100% landfill free eWaste[1] recycling company headquartered in Hickory, North Carolina.  Founded in 2012 to address the large, untapped, fragmented market opportunity for recycling eWaste, the Company offers

---

[1]        eWaste is an ubiquitous term used to cover almost all types of electrical and electronic equipment (EEE) that has or could enter the waste stream. Examples include TVs, computers, mobile phones, iDevices, stereo systems, toys, small and large appliances (white goods) – almost any household or business item with circuitry or electrical components with power cords or battery supply.

eWaste recycling and data destruction services through its facility in Hickory, NC. The Company provides all levels of government, corporations, and consumers with secure, fast and audited data destruction services, as well as end-of-life recycling of outdated or out-modeled electronics of all types.

4.      Currently, it is estimated that the world creates 240 million tons of eWaste per year, of which only 10% actually gets recycled or reused. In the United States, eWaste is growing by 5 percent annually and accounts for 70 percent of overall toxic waste. Municipal recycling programs typically do not include eWaste services. As a result, over 80% of eWaste recycled in the United States is shipped to other countries for processing and landfill deposit. Landfills release the toxic heavy metals such as mercury and lead, into the environment.

5.      The Debtors provide three types of services: (i) end of life recycling for electronics and electrical equipment; (ii) on-site and off-site, secure and audited data destruction; and (iii) pre-consumer, post-consumer, and mixed plastics recycling. ZLOOP is 100% Landfill Free™, which means that all produced non-salable materials, including waste dust and tailings, are disposed of or destroyed by incineration per federal, state and local regulations.

6.      The Debtors' end-of-life recycling eliminate all downstream environmental and other liabilities for their customers. Utilizing a unique array of machines, the Debtors are able to domestically transform all electronics into feeder-stock commodities and is 100% Landfill Free™. Commodities reclaimed in the recycling process include copper, silver, gold, platinum, palladium, nickel, lead, steel, stainless steel, plastics, green boards, processors and memory chips.

7.      The Debtors' data destruction system reduces media to unrecognizable separated commodities, providing customers with zero landfill and zero downstream liability. The

EAST\102191305.2

information destruction methods are in complete compliance with, and in fact exceed, HIPAA, FACTA, Gramm-Leach-Bliley, Sarbanes-Oxley Act and various other federal, state, and corporate compliance requirements.  In short, when the Debtors' process is complete, their customers' data is irretrievable.

8.      Finally, the Debtors offer state of the art pre-consumer, post-consumer, and mixed plastics recycling.  Plastics represent the most landfilled or shipped-abroad commodity of recycling eWaste.  The Debtors' sophisticated plastics recycling services ensure a "Ready to Ship" premium commodity stream and package each box separately sealed in a plastic bag, so there is no chance for contamination.

9.      Prior to the commencement of these cases, the Debtor experienced significant delays and difficulties associated with the construction and installation by E Recycling Systems, LLC ("ERS") and Recycling Equipment, Inc. ("REI") of the its eWaste recycling system.  The Debtors currently have litigation pending against ERS and REI, stemming from the issues surrounding supply, design and installation of their eWaste recycling systems.  Additionally, the Debtors are defendants in two pending actions brought by a former investor, Kendall Mosing, as described in the Boston Declaration (defined below).[2]

10.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Robert M. Boston in Support of Chapter 11 Petitions and First Day Motions* (the "Boston Declaration"), filed contemporaneously herewith and incorporated herein by reference.

---

[2]      Nothing herein is intended as an admission, waiver or binding characterization of any rights, claim or defense of the Debtors in this description of pending litigation.

## RELIEF REQUESTED

11.     The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption indicating that any pleading they file relates to the jointly administered bankruptcy cases of "ZLOOP, Inc., *et al.*"

12.     The Debtors further request that a docket entry be made on the docket in the chapter 11 cases of ZLOOP Nevada, LLC and ZLOOP Knitting Mill, LLC substantially stating as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 Cases of ZLOOP Inc., ZLOOP Nevada, LLC and ZLOOP Knitting Mill, LLC. All further pleadings and other papers in this Chapter 11 Case shall be filed in, and all further docket entries shall be made in, Case No. 15-11660 (___) (ZLOOP, Inc., *et al.*).

13.     A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order attached to this Motion as Exhibit A.  The Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

## BASIS FOR RELIEF

14.     Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Local Rule 1015-1 states as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

ZLOOP, Inc. is a Delaware corporation that is the direct owner of 100% of the membership

interests in each of ZLOOP Nevada, LLC and ZLOOP Knitting Mill, LLC. Thus, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, and the Court is authorized to grant the relief requested in this Motion. Further, as the proposed order attached to this Motion is an order relating to the routine administration of a case, it may be entered by the Court in its sole discretion on an *ex parte* basis. <u>See</u> Local Rule 1015-1.

16.     The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration will also enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

16.     Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

17.     Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases, and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest. Additionally, because this is not a

motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

## NOTICE

18.     Notice of this Motion shall be provided to (a) the Office of the United States Trustee for the District of Delaware, (b) each of the Debtors' twenty largest unsecured creditors on a consolidated basis, (c) the United States Attorney's Office for the District of Delaware, and (d) the Internal Revenue Service.  As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this or any other court.

[Continues on next page.]

EAST\102191305.2

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  August 9, 2015
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ Stuart M. Brown_
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Kaitlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
Email:  stuart.brown@dlapiper.com
        craig.martin@dlapiper.com
        daniel.brogan@dlapiper.com
        kaitlin.edelman@dlapiper.com

*Proposed Counsel to Debtors and
Debtors in Possession*