# EXHIBIT B

**(Proposed Final Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*, [1] | Case No. 15-11660 (XXX) |
| Debtors. | (Joint Administration Requested) |
| | **Re D.I. _____** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN EXISTING INSURANCE POLICIES AND PAY ALL OBLIGATIONS ARISING THEREUNDER, AND (B) RENEW, REVISE, EXTEND, SUPPLEMENT, CHANGE, OR ENTER INTO NEW INSURANCE POLICIES AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") pursuant to sections 105(a), 363, 364, 1107, and 1108 of the Bankruptcy Code, Rules 6003, 6004(a) and 6004(h) of the Bankruptcy Rules and Rule 9013-1(m) of the Local Rules, (a) authorizing the Debtors to (i) maintain the existing Insurance Policies and pay all obligations arising thereunder, including any Workers' Compensation Premium payments, and (ii) renew, revise, extend, supplement, change, or enter into new insurance policies as needed in their business judgment and (b) authorizing and directing banks and other financial institutions Rules 6003, 6004(a) and 6004(h) of the Bankruptcy Rules and Rule 9013-1(m) of the Local Rules, to receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

§ 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having entered the Interim Order Authorizing the Debtors to (A) Maintain Existing Insurance Policies and Pay All Obligations Arising Thereunder (B) Renew, Revise, Extend, Supplement, Change, or Enter Into New Insurance Policies [Docket No.___] (the "Interim Order"); and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the Boston Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized to maintain their existing Insurance Policies and pay unpaid prepetition premiums associated with the Insurance Policies, including payment of any prepetition amounts due in the 21-day period following the Petition Date.

3. All banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely

on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion, Boston Declaration, and record of these cases or are otherwise deemed waived.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2015
      Wilmington, Delaware               UNITED STATES BANKRUPTCY JUDGE