## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*, [1] | Case No.  15-11660 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Hrg. Date: Sept. 24, 2015 at 11:00 a.m.**<br>**Obj. Deadline: Sept. 1, 2015 at 4:00 p.m.** |

## MOTION OF DEBTORS FOR AUTHORIZATION TO RETAIN
## AND PAY PROFESSIONALS UTILIZED BY THE DEBTORS
## IN THE ORDINARY COURSE OF BUSINESS

ZLOOP, Inc., and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through their attorneys, DLA Piper LLP (US), hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):  (i) authorizing the retention of those professionals employed by the Debtors in the ordinary course of business (each, an "Ordinary Course Professional," and together, the "Ordinary Course Professionals") without the submission to this Court of separate retention applications and the issuance of separate retention orders for each Ordinary Course Professional; (ii) payment of each Ordinary Course Professional listed in Exhibit A to this Motion in an amount up to $7,500.00 per month without further approval of this Court; and (iii) granting certain related relief.  In support of this Motion, the Debtors respectfully state as follows:

---

[1]     The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098).  The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

**Jurisdiction and Venue**

1.       The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.  The Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

2.       On August 9, 2015 (the  "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

3.       The Debtors operate a proprietary, state of the art, 100% landfill free eWaste[2] recycling company headquartered in Hickory, North Carolina.  Founded in 2012 to address the large, untapped, fragmented market opportunity for recycling eWaste, the Company offers eWaste recycling and data destruction services through its facility in Hickory, NC.  The Company provides all levels of government, corporations, and consumers with secure, fast and

---

[2] eWaste is an ubiquitous term used to cover almost all types of electrical and electronic equipment (EEE) that has or could enter the waste stream. Examples include TVs, computers, mobile phones, iDevices, stereo systems, toys, small and large appliances (white goods) – almost any household or business item with circuitry or electrical components with power cords or battery supply.

audited data destruction services, as well as end-of-life recycling of outdated or out-modeled electronics of all types.

4.      Currently, it is estimated that the world creates 240 million tons of eWaste per year, of which only 10% actually gets recycled or reused.  In the United States, eWaste is growing by 5 percent annually and accounts for 70 percent of overall toxic waste.  Municipal recycling programs typically do not include eWaste services.  As a result, over 80% of eWaste recycled in the United States is shipped to other countries for processing and landfill deposit. Landfills release the toxic heavy metals such as mercury and lead, into the environment.

5.      The Debtors provide three types of services: (i) end of life recycling for electronics and electrical equipment; (ii) on-site and off-site, secure and audited data destruction; and (iii) pre-consumer, post-consumer, and mixed plastics recycling.  ZLOOP is 100% Landfill Free™, which means that all produced non-salable materials, including waste dust and tailings, are disposed of or destroyed by incineration per federal, state and local regulations.

6.      The Debtors' end-of-life recycling eliminate all downstream environmental and other liabilities for their customers. Utilizing a unique array of machines, the Debtors are able to domestically transform all electronics into feeder-stock commodities and is 100% Landfill Free™.  Commodities reclaimed in the recycling process include copper, silver, gold, platinum, palladium, nickel, lead, steel, stainless steel, plastics, green boards, processors and memory chips.

7.      The Debtors' data destruction system reduces media to unrecognizable separated commodities, providing customers with zero landfill and zero downstream liability. The information destruction methods are in complete compliance with, and in fact exceed, HIPAA, FACTA, Gramm-Leach-Bliley, Sarbanes-Oxley Act and various other federal, state, and

corporate compliance requirements.  In short, when the Debtors' process is complete, their customers' data is irretrievable.

8.      Finally, the Debtors offer state of the art pre-consumer, post-consumer, and mixed plastics recycling.  Plastics represent the most landfilled or shipped-abroad commodity of recycling eWaste.  The Debtors' sophisticated plastics recycling services ensure a "Ready to Ship" premium commodity stream and package each box separately sealed in a plastic bag, so there is no chance for contamination.

9.      Prior to the commencement of these cases, the Debtor experienced significant delays and difficulties associated with the construction and installation by E Recycling Systems, LLC ("ERS") and Recycling Equipment, Inc. ("REI") of the its eWaste recycling system.  The Debtors currently have litigation pending against ERS and REI, stemming from the issues surrounding supply, design and installation of their eWaste recycling systems.  Additionally, the Debtors are defendants in two pending actions brought by a former investor, Kendall Mosing.[3]

**Relief Requested**

10.      The Debtors' officers regularly call upon a variety of Ordinary Course Professionals, including attorneys, accountants and certain consultants, to assist the Debtors in carrying out their assigned duties and responsibilities.  These Ordinary Course Professionals provide valuable—often critical—assistance in addressing issues of importance to the Debtors and their business.  Attached hereto as Exhibit A, and incorporated herein by reference, is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors as of the Petition Date (the "OCP List").

---

[3]      Nothing herein is intended as an admission, waiver or binding characterization of any rights, claim or defense of the Debtors in this description of pending litigation.

11.     It is essential that the employment of the Ordinary Course Professionals, many of whom already are familiar with the Debtors' business and affairs, continue in order to allow the Debtors to maintain and stabilize their operations and to minimize duplication of efforts.  The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation to each Ordinary Course Professional on the basis set forth below are in the best interest of the Debtors' estates and creditors.  The relief requested herein will save the Debtors' estates the substantial expense associated with applying separately for the retention of each Ordinary Course Professional and will allow the Debtors to avoid the incurrence of additional fees related to the preparation and prosecution of interim fee applications.  Likewise, the procedures outlined below will relieve the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and any official committees appointed in these Bankruptcy Cases the burden of reviewing numerous applications involving relatively small amounts of fees and expenses.

12.     The Debtors propose that they be permitted to pay each Ordinary Course Professional, without prior application to the Court, 100% of the fees and expenses incurred by such professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred after the Petition Date, up to $7,500.00 per month per Ordinary Course Professional for compensation and reimbursement of expenses (the "Monthly OCP Limit").

13.     If any Ordinary Course Professional seeks compensation and reimbursement of expenses in excess of the Monthly OCP Limit by more than $7,500.00 for a particular month, then such Ordinary Course Professional must file a fee application for the full amount of its fees and expenses for that single month in accordance with sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"), any fee guidelines of the U.S. Trustee (the "U.S. Trustee Guidelines"), and any applicable orders of this Court; provided, however, that the Ordinary Course Professional shall be granted a waiver from the time keeping provisions of Local Rule 2016-2(d); provided further, that the Ordinary Course Professional shall set forth in reasonable detail the nature of the services rendered, the persons rendering them, the time expended and the fees and expenses incurred.

14.     If any Ordinary Course Professional exceeds the Monthly OCP Limit by more than $7,500.00 during three months in any six month period, such Ordinary Course Professional must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

15.     Within 30 days after the later of the entry of either an order granting this Motion or the date on which the Ordinary Course Professional commences services for the Debtors, (i) each lawyer or law firm that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration made pursuant to 28 U.S.C. § 1746 (an "Attorney Declaration"), substantially in the form attached hereto as Exhibit B, certifying that the legal professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed,[4] and (ii) each non-lawyer or non-law firm entity that is an Ordinary Course Professional shall provide the Debtors' attorneys a declaration made pursuant to 28 U.S.C. § 1746 (a "Professional Declaration," and together with an Attorney

---

[4]     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest adverse to the Debtors, their creditors, or other parties in interest on the matters for which they would be employed, and thus all of the Ordinary Course Professionals whom the Debtors propose to retain meet the requirements for retention of special counsel set forth at section 327(e) of the Bankruptcy Code.

Declaration, each, a "Retention Declaration"), substantially in the form attached hereto as Exhibit C, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

16.     Upon receipt of a Retention Declaration, the Debtors' attorneys shall then file the Retention Declaration with the Court and serve it upon:  (i) the U.S. Trustee, (ii) the debtors twenty largest creditors, and (iii) counsel for any official committees appointed in these cases (collectively, the "Interested Parties").  The Interested Parties shall have 15 days following service of a Retention Declaration to file with the Court any objection to the retention.  If after 15 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order of the Court, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses, subject to the Monthly OCP Limit and the related procedures described herein, without the need to file fee applications, based upon the submission to the Debtors of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and fees and expenses actually incurred.  No Ordinary Course Professional shall be paid any fees or expenses until its Retention Declaration has been filed with the Court and the objection period has passed or, if an objection is filed, the objection is resolved consensually or by order of the Court.

17.     The Debtors reserve the right to supplement the OCP List from time to time as necessary.  In such event, the Debtors propose to file a supplemental list of Ordinary Course Professionals (a "Supplemental List") with this Court and to serve it, along with completed Retention Declarations, on the Interested Parties and those parties who request notice in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Upon the filing of a Supplemental List, the Notice Parties shall have 15 days to file with the Court an objection to the

retention of the Ordinary Course Professionals listed therein.  In the event no objection is timely filed with the Court, the retention of such Ordinary Course Professionals shall be deemed approved under the order approving this Motion without the need for a further hearing or further order of the Court, effective as of a date that is no earlier than 35 days prior to the filing of the Supplemental List and accompanying Retention Declaration unless the Retention Declaration contains an express request for *nunc pro tunc* relief earlier than such date.  If an objection is filed with the Court, and cannot be consensually resolved within 15 days, the matter shall be set for a hearing before the Court.

18.     The Debtors further propose to file a fee and expense statement (the "Quarterly Statement") with the Court every three months and serve such statement on the Notice Parties. The Quarterly Statement will summarize the fees and expenses paid to all of the Ordinary Course Professionals during the past quarter of the calendar year.   The first Quarterly Statement covering the period from the Petition Date through December 31, 2015, shall be filed by January 31, 2016.  The Debtors shall thereafter file a Quarterly Statement on the fifteenth day after the last day of each 90-day period thereafter while these Bankruptcy Cases are pending.   The Quarterly Statement will include the following information with respect to each Ordinary Course Professional:   (i) the name of such Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the previous quarter; (iii) the aggregate amount paid as compensation for services rendered and reimbursements of expenses incurred by such Ordinary Course Professional during the pendency of these cases; and (iv) a general description of the services rendered by each Ordinary Course Professional during the relevant quarter.  The Debtors propose that parties in interest be permitted to file objections to the payments to

Ordinary Course Professionals identified in the Quarterly Statement within 15 days following the filing of the Quarterly Statement, and that if an objection to the fees and expenses of an Ordinary Course Professional is filed by a party in interest, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

19.     Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these Bankruptcy Cases will be retained by the Debtors pursuant to separate retention applications.   These professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and other orders of this Court.

20.     Relief similar to that requested herein routinely has been granted by courts in this District.   See, e.g., In re Corinthian Colleges, Inc., Case No. 15-10952 (KJC) (Bankr. D. Del May 27, 2015); Orchard Supply Hardware Stores Corp., Case No. 13-11565 (CSS) (Bankr. D. Del. July 11, 2013); In re PJ Finance Company LLC, Case No. 11-10688 (BLS) (Bankr. D. Del. May 10, 2011).

## Notice

21.     Notice of this Motion shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty largest unsecured creditors on a consolidated basis; (c) the Ordinary Course Professionals; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit D</u>:  (i) granting the relief requested herein and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  August 18, 2015
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Katlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
Email:  stuart.brown@dlapiper.com
           craig.martin@dlapiper.com
           daniel.brogan@dlapiper.com
           kaitlin.edelman@dlapiper.com

*Proposed Counsel to Debtors and Debtors in Possession*