# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZLOOP, INC., *et al.*,[1]<br>　　　　　Debtors. | Chapter 11<br><br>Case No. 15-11660 (KJC)<br><br>(Jointly Administered) |
| ZLOOP, INC.,<br>　　　　　Plaintiff,<br>v.<br>MSS, Inc.<br>　　　　　Defendant. | Adv. Proc. No. _____ |

## COMPLAINT FOR TURNOVER OF PROPERTY TO THE PLAINTIFF

Plaintiff ZLOOP, Inc. ("ZLOOP" or "Plaintiff"), by and through its undersigned counsel, DLA Piper LLP (US), hereby files this *Complaint for Turnover of Property to Plaintiff* (the "Complaint"), against MSS, Inc. ("MSS" or "Defendant"), and in support thereof avers as follows:

### JURISIDICTION AND VENUE

1. This is an adversary proceeding brought by Plaintiff for turnover of property of the estate under 11 U.S.C. § 542 of the United States Code (the "Bankruptcy Code").

2. The Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b)

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

and the *Amended Standing Order of Reference* for the United States District of Delaware, dated February 29, 2012.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2), and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. On August 9, 2015 (the "Petition Date"), each of the above-captioned debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. In accordance with Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff hereby states that it consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

7. Plaintiff is a Delaware corporation, with its principal place of business in Hickory, North Carolina. Plaintiff is in the business of providing eWaste[2] recycling, utilizing

---

[2] eWaste is a ubiquitous term used to cover almost all types of electrical and electronic equipment that has or could enter the waste stream. Examples include televisions, computers, mobile telephones, iDevices, stereo systems, toys, small and large appliances (white goods) – almost any household or business item with circuitry or electrical components with power cords or battery supply.

an array of machines which transform electronics into feeder-stock commodities, including copper, silver, gold, platinum, palladium, nickel, lead, stainless steel, plastics, green boards, processors and memory chips.

8.  Defendant is a Tennessee corporation, with its principal place of business in Nashville, Tennessee. Defendant provides optical sorting systems for efficient separation of recyclables, including plastics, paper, glass, metals, wood, and electronic scrap.

## FACTS

9.  On June 10, 2014, Plaintiff and Defendant entered into a contract through which Defendant agreed to provide an optical separation system, a 64" wide L-VIS™ Module, Model LVR-1600-2D-M (the "Equipment"), for the mechanical separation of pre-processed e-scrap or metal scrap to Plaintiff for $335,000 (the "Agreement").

10. Per the terms of the Agreement, 40% of the $335,000 purchase price - $134,000 - was to be paid on the date of the purchase order as a down payment towards the Equipment (the "Deposit"). The estimated ready for shipment time of the Equipment was 14 weeks from the receipt of the Deposit.

11. Plaintiff paid the Deposit for the Equipment to Defendant on June 10, 2014, and Defendant accepted the Deposit.

12. To date, Defendant has failed or refused to deliver the Equipment to Plaintiff.

13. Defendant has failed to return the Deposit to Plaintiff.

14. As a result of Defendant's refusal or failure to deliver the Equipment to Plaintiff, Plaintiff is entitled to a return or refund of the Deposit.

## CLAIM FOR RELIEF

### Count I: Turnover of Estate Property Pursuant to 11 U.S.C. § 542(a)

15. The allegations set forth in paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16. Pursuant to Section 541(a)(1) of the Bankruptcy Code, the Deposit constitutes property of the estate.

17. Defendant is in actual or constructive possession of the Deposit.

18. Defendant has failed to return the Deposit to Plaintiff.

19. Therefore, pursuant to Section 542 of the Bankruptcy Code, Plaintiff is entitled to turnover of the Deposit.

### Count II: Judgment for Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 542(b)

20. The allegations set forth in paragraphs 1-19 are re-alleged and incorporated by reference as if fully set forth herein.

21. As a result of Defendant's refusal or failure to provide the Equipment to Plaintiff, Defendant is obligated to pay to Plaintiff $134,000, the amount of the Deposit paid by Plaintiff to Defendant towards Equipment that was never provided. Defendant has failed make such payment to Plaintiff.

22. Accordingly, Plaintiff is entitled to judgment (i) declaring that Defendant owes $134,000 on account of Defendant's failure to return the Deposit amount to Plaintiff; and (ii) directing Defendant to make payment to Plaintiff in the amount of the Deposit on account of such debt.

The foregoing Counts I and II are without prejudice to any additional claims ZLOOP may have against Defendant, including claims for and related to breach of the contract for sale of the Equipment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant, and that the Court enter judgment against Defendant as follows:

A.  Requiring Defendant to turnover to Plaintiff, and account for, such property or the value of such property, or the proceeds thereof, the amount of $134,000 on account of the Deposit; or

B.  Requiring Defendant to pay the debt or proceeds thereof to, or on the order of, Plaintiff, in the amount of $134,000, on account of the Deposit;

C.  A determination that Plaintiff's claims against Defendant as set forth herein are without prejudice to any additional claims ZLOOP may have against Defendant, including claims for and related to breach of the contract for sale of the Equipment; and

D.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated:  August 27, 2015

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Kaitlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
Email:  stuart.brown@dlapiper.com
           craig.martin@dlapiper.com
           daniel.brogan@dlapiper.com
           kaitlin.edelman@dlapiper.com

*Counsel for Plaintiff*