## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| ZLOOP, Inc., et al. | Case No. 15-11660 (KJC) |
| Debtors.[1] | (Jointly Administered) |
| | Chapter 11 |

### GENERAL NOTES PERTAINING TO SCHEDULES AND STATEMENTS

On August 9, 2015 (the "Petition Date"), ZLOOP, Inc., ZLOOP Nevada, LLC, and ZLOOP Knitting Mill, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). With the assistance of its retained professionals, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. The information provided herein, except as otherwise noted, is presented as of the Petition Date. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors and their advisors. The Debtors reserve their right to amend the Schedules and Statements from time to time as may be necessary or appropriate. These general notes regarding the Debtors' Schedules and Statements (the "General Notes") comprise an integral part of the Schedules and Statements filed by the Debtors and should be referenced in connection with any review of the Schedules and Statements.

The Schedules and Statements have been signed by the Debtors' CEO, Robert M. Boston. In reviewing and signing the Schedules and Statements, Mr. Boston has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors. Mr. Boston has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

              

I.     Amendments to Schedules and Statements and General Reservation of Rights.

(1)     While the Debtors' management has exercised best efforts to ensure that the Schedules and Statements are accurate and complete by each legal entity based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

(2)     Without limiting anything else expressly reserved herein, the Debtors reserve the right to dispute, or to assert offset or defenses to any claim reflected in the Schedules and Statements as to amount, liability and/or classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

(3)     Nothing contained in the Schedules and Statements shall constitute a waiver of rights in respect to the Debtors' chapter 11 cases or act to estop the Debtors in any way, including but not limited to, issues involving substantive consolidation, equitable subordination, and/or causes of action arising under applicable sections of chapter 5 of the Bankruptcy Code and other applicable non-bankruptcy law to recover assets or avoid transfers.

II.     Basis of Presentation.     These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and they are not intended fully to reconcile to the financial statements otherwise prepared and/or distributed by the Debtors.   The amounts set forth in the Schedules and Statements differ in some respects from the financial statements of the Debtors and are not a basis for drawing conclusions concerning the Debtors' solvency or the specific dollar amount of disputed, contingent, or unliquidated claims.

III.     General Assumptions.     The Debtors adopted the following conventions in the preparation of the Schedules and Statements:

(1)     Reporting Date.  Unless otherwise indicated, all asset and liability information is listed as of the Petition Date.

(2)     Currency.   All amounts in the Schedules and Statements are listed in U.S. Dollars.

(3)     Book Value.

(a)     The market value of the Debtors' assets is not readily available at this time.  It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtors' assets. Assets and liabilities of each Debtor are shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, unless otherwise noted, rather than the current market values of such interests in property and/or liabilities.  In certain instances for the Debtors' inventory, the book value is based on the last price for which similar inventory was sold. Certain other assets, such as intangible assets, are listed with undetermined amounts.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.

    (b)    Amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

(4)    <u>Estimates</u>.    To prepare and file the Schedules and Statements shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. As a result, the Debtors continue to reconcile certain items including, without limitation, certain accounts receivable shown as negative. The Debtors believe that there are no receivables or related offset liabilities with respect to these items.

(5)    <u>Causes of Action</u>. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. As discussed above, the Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, cause of action or avoidance action or in any way estop or prejudice or impair the assertion of such claims, causes of action or avoidance actions.

(6)    <u>Property and Equipment – owned</u>. Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset.    Depreciation and amortization expense for principal asset classifications are calculated on a straight-line basis.

(7)    <u>Claims Description</u>.    The Debtors' decision to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" is subject to review at any time as permitted by the Bankruptcy Code. The Debtors reserve the right subsequently to amend their Schedules and Statements to designate a claim as "disputed," "contingent" or "unliquidated" in the event the Debtors determine that such claim is disputed, or subject to setoff rights, counterclaims, or defenses as to amount, liability, or classification.

(8)    <u>Excluded Assets and Liabilities</u>.    The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, accrued salaries, employee benefit accruals, accrued insurance expenses, accrued accounts payable, and deferred insurance expenses, as well as other assets or liabilities that may exist but may not be known to them at this time. As noted above, certain liabilities expected to be paid pursuant to court orders (<u>e.g.</u>, accrued salaries and employee benefit accruals), were also excluded from the Schedules and Statements.

(9)    <u>Recharacterization</u>.    The Debtors have made reasonable efforts correctly to characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.    Nevertheless, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors, therefore, reserve all of their rights to characterize, reclassify, recategorize, or redesignate items reported in the Schedules

and Statements at a later time as necessary or appropriate as additional information becomes available.

IV.    Schedules of Assets and Liabilities.

(1)    Schedule B: Personal Property

(a)    The Debtors continue to reconcile certain items including, without limitation, certain accounts receivable shown as negative balance. The Debtors believe that there are no receivables or related offset liabilities with respect to these items.

(b)    The Debtors have identified all insurance policies as of the Petition Date; however, all such policies have either been paid in full or financed. As such, the Debtors do not believe they have any insurance policies with a cash surrender value.

(2)    Schedule D: Creditors Holding Secured Claims.

(a)    Schedule D contains the Debtors' best estimate of all potential secured claims against the Debtors' estates asserted by third-parties. The Debtors' have not determined whether, and to what extent, any of the creditors identified on Schedule D in fact are entitled to and hold a valid, enforceable and unavoidable security interest in any of the Debtors' property. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, enforceability or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to the claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any such agreements.

(b)    Except as specifically stated herein, real property sublessors, utility companies, and other parties that may have lien rights on certain assets have not been listed on Schedule D.

(c)    Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.

(3)    Schedule E: Creditors Holding Unsecured Priority Claims.

(a)     Schedule E contains the Debtors' best estimate of all potential priority claims against the Debtors' estates held by governmental entities and employees of the Debtors. The Debtors' have not determined whether, and to what extent, any of the creditors identified on Schedule E in fact are entitled to priority under section 507 of the Bankruptcy Code

(b)     The Bankruptcy Court has approved payment by the Debtors of certain employee-related and tax claims, and as a result, such claims have not been included in the Debtors' Schedules and Statements.

(c)     The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

(4)     <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims</u>.

(a)     Schedule F may include certain deferred charges, deferred liabilities, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

(b)     The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

(c)     Schedule F contains information regarding potential, pending and closed litigation involving the Debtors. To the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements and Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F. Any information contained in Schedule F with respect to such potential litigation shall not be an admission, waiver or binding characterization of any rights, claim or defense of the Debtors with respect to any potential suits and proceedings included therein.

(d)     In certain instances, a Debtor may be an alleged co-obligor or guarantor with respect to scheduled claims of other Debtors. However, no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Furthermore, inclusion of any claim on Schedule F is not a representation as to the priority of such claim, including whether any such claim may be subject to subordination by agreement or application of §510 of the Bankruptcy Code. The descriptions provided in Schedule F are intended only to be a summary.

(e)     The claims of individual creditors for, among other things, goods, services, or taxes are listed in the amounts listed on the Debtors' books and records and may

not reflect credits or allowances due from such creditor.    The Debtors reserve all rights respecting such credits or allowances.

(f)    The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts, including those listed on Schedule G, may be holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected, unless otherwise agreed to or assumed.  Not all such claims are listed on Schedule F.

(5)    <u>Schedule G: Executory Contracts.</u>

(a)    Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired, substantially or fully performed, or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed
therein. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.    The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

(b)    Certain of the leases and contracts listed on Schedule G may contain certain purchase orders, amendments, restatements, waivers, and other miscellaneous rights that are embedded in the Debtors' agreements. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Schedule G may not include certain stand-alone purchase orders for goods, services, or equipment, nondisclosure agreements, or volume penalty agreements. The Debtors reserve all rights with respect to any agreements that are not included on Schedule G.

(c)    The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

(d)    Omission of a contract or lease from this Schedule does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease.    The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by their omission. This Schedule may be amended at any time to add any omitted contract or agreement.

(e)    An individual Debtor may have entered into contracts with third parties for the benefit of other Debtors. For the purposes of Schedule G, contracts have been listed only where that Debtor is identified on the face thereof to be a  party to the

contract.  The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

(6)    Schedule H: Co-Debtors.

(a)    For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under a prepetition credit facility are listed as Co-Debtors on Schedule H.  Nothing herein is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

(b)    In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

V.    Statements of Financial Affairs.

(1)    Statement of Financial Affairs Question 3c.  Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

* * * END OF GLOBAL NOTES * * *

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

District of Delaware

In re  ZLOOP Nevada, LLC
_____,
Debtor

Case No.  15-11661

Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 5,807,743.56 | | |
| B - Personal Property | Yes | 3 | $ 540,168.52 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 3,500,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 84,262.22 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ |
| TOTAL | | | $ 6,347,912.08 | $ 3,584,262.22 | |

B6A (Official Form 6A) (12/07)

In re  ZLOOP Nevada, LLC                              ,        Case No.  15-11661
        _____                              _____
              Debtor                                                    (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 190 Resources Drive, Fernley, NV | Fee Simple | | 5,807,743.56 | 3,500,000.00 |
| | | | | |
| | | | | |
| | | | | |
| | | Total▶ | 5,807,743.56 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re  ZLOOP Nevada, LLC                              ,          Case No.  15-11661
              Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | x | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | x | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Prepaid Interest - Eagle Loan (thru Sept. 2015) | | 59,143.52 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | x | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |
| 6. Wearing apparel. | x | | | |
| 7. Furs and jewelry. | x | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | x | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attachment B9 | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | x | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  ZLOOP Nevada, LLC _____ ,        Case No.  15-11661 _____
                    **Debtor**                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A — Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) — Cont.

In re  ZLOOP Nevada, LLC                                    ,        Case No.   15-11661
                    Debtor                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | x | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | x | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | x | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | x | | | |
| 26. Boats, motors, and accessories. | x | | | |
| 27. Aircraft and accessories. | x | | | |
| 28. Office equipment, furnishings, and supplies. | x | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Equipment | | 481,025.00 |
| 30. Inventory. | x | | | |
| 31. Animals. | x | | | |
| 32. Crops - growing or harvested. Give particulars. | x | | | |
| 33. Farming equipment and implements. | x | | | |
| 34. Farm supplies, chemicals, and feed. | x | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | x | | | |

_____ continuation sheets attached      Total▶     | $          540,168.52 |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

Zloop Nevada, LLC
Case No. 15-11660
Attachment to Schedule B9

## Insurance Policies

| Coverage Type | Carrier | Policy Number | Policy Period |
|---|---|---|---|
| Commercial General Liability | Granite State Insurance Co. c/o Watson Insurance | 02-LX-067045575-0 | 3/4/2015 - 3/4/2016 |
| Umbrella Liability | National Union Fire Ins. Co. c/o Watson Insurance | 29-UD-011165819-0 | 3/4/2015 - 3/4/2016 |
| Environmental w/ Terrorism | Freberg Environmental Insurance | FEI-EIL-19501-01 | 5/15/2015-5/15/2016 |
| Workers Compensation | The Ohio Casualty Insurance Company c/o Liberty Mutual Insurance Company | XWO55130737 | 12/29/2014-12/29/2015 |

B 6D (Official Form 6D) (12/07)

In re  ZLOOP Nevada, LLC                    ,          Case No.  15-11661
                    **Debtor**                                                      **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Eagle Group Financing, LP | | | $3.5 million Secured Loan Agreement<br><br>VALUE $ 5,807,743.50 | | | | 3,500,000.00 | 0.00 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |

_____ continuation sheets attached

Subtotal ▶
(Total of this page)

$  3,500,000.00        $  0.00

Total ▶
(Use only on last page)

$  3,500,000.00        $  0.00

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re   ZLOOP Nevada, LLC                   ,          Case No.   15-11661
_____
                    *Debtor*                                      *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) -- Cont.

In re  ZLOOP Nevada, LLC                    ,        Case No.  15-11661
                    *Debtor*                                        *(if known)*


☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

  Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).


☑ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


_____ continuation sheets attached

B6E (Official Form 6E) (04/13) – Cont.

In re  ZLOOP Nevada, LLC _____ ,   Case No.  15-11661 _____
              *Debtor*                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

TAXES                                          **Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Lyon County Treasurer | | | Taxes | | | | 84,262.22 | Unknown | Unknown |
| Account No. <br><br> | | | | | | | | | |
| Account No. <br><br> | | | | | | | | | |
| Account No. <br><br> | | | | | | | | | |

Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

|  | Subtotals➤ (Totals of this page) | $ 84,262.22 | $ | |
|---|---|---|---|---|
| | Total➤ (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $ 84,262.22 | | |
| | Totals➤ (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B 6F (Official Form 6F) (12/07)

In re __ZLOOP Nevada, LLC_____ ,  Case No. __15-11661_____
           **Debtor**                                                                   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

    ☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ZLOOP, Inc. | | | Intercompany Debt | | | | Unknown |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | Subtotal▶ | | | $ |
| _____ continuation sheets attached | | | Total▶<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical<br>Summary of Certain Liabilities and Related Data.) | | | | $ |

B 6G (Official Form 6G) (12/07)

In re  ZLOOP Nevada, LLC                       ,          Case No. 15-11661
                **Debtor**                                                 **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re  ZLOOP Nevada, LLC                    ,          Case No.  15-11661
                **Debtor**                                          **(if known)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |

B6 Declaration (Official Form 6 – Declaration) (12/07)

In re ___ZLOOP Nevada, LLC___ ,          Case No. __15-11661__
                    Debtor                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                  Debtor

Date _____          Signature: _____
                                                                  (Joint Debtor, if any)

[If joint case, both spouses must sign.]

----------------------------------------------------------------
#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                             (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

_____
_____
_____
Address

X_____          _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.

----------------------------------------------------------------

#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the __Manager__ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the __corporation__ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date __09/09/2015__

                                        Signature: _____

                                                      Robert M. Boston
                                                      [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

----------------------------------------------------------------
Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.