# EXHIBIT A

(Retention Declaration)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZLOOP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11660 (KJC)<br><br>(Jointly Administered) |

### ATTORNEY'S DECLARATION IN SUPPORT OF ORDINARY COURSE RETENTION

The undersigned hereby declares under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member, partner, or similar representative of the following firm (the "Firm"), which maintains offices at the address and phone number listed below:

Firm Name: Law Offices of Matthew K. Rogers, PLLC

Address and Phone Number: 200 1st Avenue NW, Suite 104
Hickory, North Carolina, 28603
Tel. No.: (828) 327-2005
Fax. No.: (828) 327-7009

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' bankruptcy cases. This firm began representing Zloop, Inc. (one of the Debtors) on or about January 31, 2015. Specifically relating to the issues potentially relating to the bankruptcy filing and matters to be resolved in the

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

EAST\103881382.1

bankruptcy, since July 14, 2015, Debtors have requested that the Firm provide legal services (or continue to provide services) to the Debtors, and the Firm has agreed to provide such services.

3. The Firm has provided services to the Debtors prior to the Petition Date.

4. The Firm, through me and employees of the Firm, has provided, and/or plans to provide, the following legal services to the Debtors from and after the Petition Date:[2] counsel relating to claims filed in (1) Zloop, Inc. v. Recycling Equipment Incorporated et al. (5:15-CV-111, Federal District Court, Western District, North Carolina, Statesville Division), (2) Zloop, Inc. v. E-Recycling Systems and James Cunningham (5:14-CV-56, Federal District Court, Western District, North Carolina, Statesville Division); and potentially for claims relating to (3) Kendall Mosing and others that relate to the bankruptcy proceedings.

5. To the best of my knowledge, information, and belief, formed after due inquiry, (a) except for the proposed retention of the Firm in these bankruptcy cases, the Firm does not currently provide services to any party in any matter related to these bankruptcy cases, and (b) the Firm does not represent or hold an interest adverse to the Debtors.

6. Now or in the future, the Firm may (but it is unlikely) provide services to certain creditors of the Debtors or other interested parties in matters unrelated to the Debtors, but in this regard, the Firm's work for these clients will not include the provision of services on any matters relating to the Debtors or their bankruptcy cases.

7. The Firm is owed $1,796.36 on account of services rendered and expenses incurred prior to filing of the Petition on the Petition Date in connection with the Firm's employment by the Debtors, the payment of which is subject to limitation contained in title 11 of the United States Code.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the *Motion of Debtors and Debtors in Possession for Authorization to Retain and Pay Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion")

2

EAST\103881382.1

8. Since the filing of the Petition, prior to August 28, 2015 the firm has incurred additional legal fees and expenses in the amount of $480.34 in assisting with bankruptcy related services and advice.

9. The Firm further states that it has not shared, has not agreed to share, and will not agree to share any compensation received in connection with these bankruptcy cases with any party or person except to the extent permitted by title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

10. If, at any time during its employment by the Debtors, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/1/2015

By: _Matthew K. Rogers_
[Counsel]

EAST\103881382.1

3