IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*,[1] | Case No. 15-11660 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Re Dkt. No: 107** |

NOTICE OF DEADLINE FOR FILING
PROOFS OF CLAIM AND SECTION 503(b)(9) CLAIM REQUESTS

**PLEASE TAKE NOTICE** that on August 9, 2015 (the "Petition Date"), ZLOOP, Inc., ZLOOP Nevada, LLC and ZLOOP Knitting Mill, LLC (collectively, the "Debtors") each filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on August 11, 2015, the Debtors filed the *Motion of Debtors and Debtors in Possession for Entry of an Order Establishing Deadlines for Filing Proofs of Claim and Section 503(b)(9) Claim Requests and Approving the Form and Manner of Notice Thereof* (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on September 22, 2015, the Court, having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "Claim Deadline Order"): (i) establishing **November 16, 2015 (prevailing Eastern Time)** (the "General Claim Deadline") as the deadline for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts), other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim ("Proof of Claim") against any of the Debtors for a claim that arose prior to the Petition Date; (ii) establishing **February 5, 2016 (prevailing Eastern Time)** (the "Government Claim Deadline") as the deadline for each Governmental Units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against any of the Debtors that arose prior to the Petition Date; and (iii) establishing **November 16, 2015 (prevailing Eastern Time)** (the "Section 503(b)(9) Claim Deadline") and together with the General Claim Deadline and the Government Claim Deadline, the "Claim Deadlines") as the deadline for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts to file a request for payment for an

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

administrative claim pursuant to Section 503(b)(9) of the Bankruptcy Code (a "**Section 503(b)(9) Claim Request**") against any of the Debtors that arose prior to the Petition Date

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM OR SECTION 503(b)(9) CLAIM REQUEST.**

**If you have any questions with respect to this notice (the "Claim Deadline Notice"), you may contact the Debtors' undersigned attorneys.**

**1.     WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim in accordance with the procedures set forth in the Claim Deadline Order if you have a claim that arose prior to the Petition Date, and it is not a claim described in Section 2 below. Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Claim Deadline, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.     WHO NEED NOT FILE A PROOF OF CLAIM**

You need **NOT** file a Proof of Claim if:

(a)     You have **already** properly filed a Proof of Claim against a Debtor with the Clerk of the United States Bankruptcy Court for the District of Delaware;

(b)     Your claim is listed on a Debtor's Schedule D, E, or F, and (i) the claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) you agree with the amount, nature, and priority of the claim set forth in the Schedules, and (iii) you agree that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;[3]

---

[3] Should the Debtors amend or supplement the Schedules subsequent to entry of the order establishing the Claim Deadlines, the Debtors will give notice of any amendment or supplement to the holders of the claims affected thereby, and such holders shall, except as otherwise set forth herein, be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claims in respect of their claims.

(c) Your claim has been allowed by order of the Court entered on or before the applicable Claim Deadline;

(d) Your claim has been satisfied in full prior to the applicable Claim Deadline;

(e) Your claim is allowable under sections 503(b) (other than a Section 503(b)(9) Claim) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(f) You hold an interest in any Debtor based **exclusively** upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that if you wish to assert any claim (as opposed to ownership interest) against any of the Debtors that arises out of or relates to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the security or interest, you must file a Proof of Claim on or before the applicable Claim Deadline, unless another exception identified herein applies; or

(g) You are a holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3. CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection on or before the later of (i) the applicable Claim Deadline, or (ii) the date that is thirty (30) days following service of notice of the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**4. WHEN AND WHERE TO FILE A PROOF OF CLAIM**

All proofs of Claim must be filed so as to be received on or before the applicable Claim Deadlines at the following address:

> *By regular US Mail, messenger or overnight delivery:*
>
> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

Proofs of Claims will be deemed timely filed only if actually received by the Clerk of the United States Bankruptcy Court for the District of Delaware on or before the applicable Claim Deadline. If a Proof of Claim is filed by submission of a hard copy by mail, messenger or overnight courier, such Proof of Claim must be submitted with an original signature before the applicable Claim Deadline.

**5.     HOW TO FILE A PROOF OF CLAIM**

Attached hereto is a copy of Official Form 10. Additional copies of Official Form 10 may be obtained at http://www.uscourts.gov/bkforms.

If you wish to file a Proof of Claim, you must complete a claim form substantially in the form of Official Form 10. Your filed Proof of Claim must (i) be signed with an original signature by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in united States currency.

Any holder of a claim against more than one Debtor must file a separate Proof of Claim against each Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors' names and case numbers are set forth above.

If you file a Proof of Claim and wish to receive a file-stamped receipt copy by return mail, you must include with your Proof of Claim an additional copy of your Proof of Claim and a self-addressed, postage-paid envelope.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

**6.     WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST AND HOW TO FILE A SECTION 503(b)(9) CLAIM REQUEST**

All parties who seek to assert a claim an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "Section 503(b)(9) Claims") against a Debtor for goods provided to such Debtor within 20 days prior to the Petition Date (each a "Section 503(b)(9) Claimant") must submit a Section 503(b)(9) Claim Request. Attached hereto is a copy of a Section 503(b)(9) Claim Request.

Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is

asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date.  Further, the Section 503(b)(9) Claim request should include or attach documentation identifying the particular invoices for which any such Section 503(b)(9) Claim is being asserted.  Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business.  Finally, Section 503(b)(9) Claim Requests must: be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; be in the English language; and be denominated in United States currency.

For any Section 503(b)(9) Claim Request to be validly and properly filed, such Section 503(b)(9) Claim Request must include an <u>original signature</u> and be delivered on or before the Section 503(b)(9) Claim Deadline to the Debtors.

Any holder of a Section 503(b)(9) Claim against more than one Debtor must file a separate Section 503(b)(9) Claim Request with each Debtor and all holders of claims must identify on their Section 503(b)(9) Claim Request the specific Debtor against which the Section 503(b)(9) Claim is asserted.

If you file a Section 503(b)(9) Claim Request and wish to receive a file-stamped receipt copy by return mail, you must include with your Section 503(b)(9) Claim Request an additional copy of your Section 503(b)(9) Claim Request and a self-addressed, postage-paid envelope.

**YOU SHOULD ATTACH TO YOUR COMPLETED SECTION 503(b)(9) CLAIM REQUEST COPIES OF ANY WRITINGS UPON WHICH YOUR SECTION 503(b)(9) CLAIM IS BASED.**

7. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR SECTION 503(b)(9) CLAIM REQUEST BY THE APPLICABLE CLAIM DEADLINES**

**Except with respect to claims described in Section 2 above, any holder of a claim against such Debtor who received notice of the Claim Deadlines (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim or Section 503(b)(9) Claim Request in accordance with the Claim Deadline on or before the applicable Claim Deadline shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases or participate in any distribution from the Debtors on account of such claim or receive further notices regarding such claim, unless otherwise ordered by the Court; <u>provided</u>, <u>however</u>, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case solely to the extent of as any undisputed, noncontingent and liquidated claims identified in the Schedules on behalf of such claimant.**

8. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtors.

Interested parties may examine copies of the Schedules on the Court's electronic docket at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Claim Deadlines, in accordance with the procedures set forth in this Claim Deadline Notice.

If the Debtors amend or supplement the Schedules subsequent to the date hereof, and if an amendment to the Schedules reduces the liquidated amount of a scheduled claim, or reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent and you have not filed a Proof of Claim or Section 503(b)(9) Claim Request, you may file a Proof of Claim or Section 503(b)(9) Claim Request on the later of (i) the applicable Claim Deadlines or (ii) the first business day following thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009(a). In the case of any amendment to the Schedules after the applicable Claim Deadlines where you did not file a Proof of Claim or Section 503(b)(9) Claim Request prior to the applicable Claim Deadlines, you may only file a Proof of Claim to the extent such Proof of Claim does not exceed the amount scheduled for such claim prior to such amendment. Further, you are not entitled to an extension of the applicable Claim Deadlines with respect to a claim scheduled as undisputed, liquidated and non-contingent if an amendment to the Schedules increases the scheduled amount of your claim.

## 9. EFFECT OF SUBSEQUENT NOTICE

If the Debtors determine after the mailing date of this Claim Deadline Notice that an additional party or parties should appropriately receive the Claim Deadline Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the applicable Claim Deadlines or (ii) the first business day that is thirty (30) days from the mailing date of an amended notice to such additional party or parties.

Notwithstanding the above, the last day for any entity asserting a claim arising from the recovery of a voidable transfer will be the later of (i) the applicable Claim Deadlines or (ii) the first business day that is at least forty-five (45) calendar days after payment in full satisfaction of the order approving the avoidance and recovery of the transfer.

Dated: September 24, 2015
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ Stuart M. Brown
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Katlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com
craig.martin@dlapiper.com
daniel.brogan@dlapiper.com
kaitlin.edelman@dlapiper.com

*Counsel to Debtors and Debtors in Possession*