# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x

In re:

ZLOOP, INC., et al.,

Debtors.[1]

---------------------------------------------------x

:  Chapter 11

:

:  Case No. 15-11660 (KJC)

:

:  Jointly Administered

:

:  **Related to Docket No. 134 & 185**

:

## ORDER AUTHORIZING THE DEBTORS TO (I) RETAIN GETZLER HENRICH & ASSOCIATES LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE WILLIAM H. HENRICH AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS _NUNC PRO TUNC_ TO SEPTEMBER 24, 2015

Upon the application, dated September 25, 2015 (the "Application")[2] of ZLOOP, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain Getzler Henrich and Associates, LLC ("Getzler Henrich") to provide the Debtors with a Chief Restructuring Officer and certain Additional Personnel (as described in the Application) and designate William H. Henrich as the Debtors' CRO, _nunc pro tunc_ to September 24, 2015 on the terms set forth in the Engagement Letter annexed to the Application as Exhibit A and the Henrich Declaration annexed to the Application as Exhibit B, all as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application and Hearing (as defined below) to the Notice Parties; and the Court having considered and approved the Stipulation Regarding Standstill [Docket No. 185]; and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Application and Hearing and no further notice is necessary; the legal and factual bases set forth in the Application establish just and sufficient cause to grant the requested relief herein; **IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The terms of the Engagement Letter, as modified by the Unanimous Consent or this Order, are reasonable terms and conditions of employment and are hereby approved.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain Getzler Henrich to provide the Debtors with a Chief Restructuring Officer and certain Additional Personnel and to designate William H. Henrich as the Debtors' Chief Restructuring Officer, *nunc pro tunc* to September 24, 2015 on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any Exhibits related thereto to the contrary:

54434/0001-12387866v7

(a)    Getzler Henrich shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b)    In the event the Debtors seek to have Getzler Henrich personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c)    Getzler Henrich shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d)    No principal, employee or independent contractor of Getzler Henrich and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e)    Getzler Henrich shall file with the Court, and provide notice to the U.S. Trustee, counsel to Kendall G. Mosing ("Mr. Mosing") and Zloop LA, LLC ("ZLA") and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/2-hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(f)    Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Getzler Henrich for fees and expenses incurred in connection with Getzler Henrich's retention.

3

(g)     Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(h)     The Debtors are permitted to indemnify the Engagement Personnel that serve as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and/or operating agreements and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(i)     There shall be no indemnification of Getzler Henrich or its affiliates.

(j)     For a period of three years after the conclusion of the engagement, neither Getzler Henrich nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(k)     Getzler Henrich shall disclose any and all facts that may have a bearing on whether Getzler Henrich, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

(l)     As further described in the Stipulation Regarding Standstill, on or before December 16, 2015 or such other date mutually agreed to by the Debtors, the Committee, ZLA and Mr. Mosing, the CRO shall report, orally and/or in writing, to the Committee and its professionals and ZLA and Mr. Mosing and/or their professionals, regarding the CRO's (i) assessment of the viability of the Debtors' business operations and (ii) recommendations regarding the path forward in the Chapter 11 Cases (the "CRO Report").

4.      Notwithstanding any term of the Engagement Letter, there shall be no limitation of Getzler Henrich's liability in connection with its engagement by the Debtors.

5.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application (including any exhibit thereto), and this Order, the terms of this Order shall govern.

4

6.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by the Engagement Personnel.

Dated: November _16_, 2015
       Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

5