# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZLOOP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-11660 (KJC)<br><br>Jointly Administered<br><br>Re: D.I. 557, 562, 568 and 571 |

### ORDER (A) APPROVING THE MODIFIED DISCLOSURE STATEMENT ON AN INTERIM BASIS, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING THE ADMINISTRATIVE EXPENSE BAR DATE AND VOTING RECORD DATE, (E) SCHEDULING A PLAN CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, AND (F) APPROVING THE RELATED FORM OF NOTICE

Upon consideration of the *Motion of the Debtors for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Administrative Expense Bar Date and Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Final Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* (the "Motion");[2] all pleadings related thereto, and based on the record in these cases; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS AS FOLLOWS:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

EAST\128532252.2

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Motion was sufficient and proper under the circumstances and was provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

D. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

E. The forms of ballot attached hereto as <u>Exhibit 1</u> (the "<u>Ballots</u>") (i) are consistent with Official Form No. 314, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

F. Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status under Plan | Voting Status |
|---|---|---|---|
| 1 | Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Equity Interests | Impaired | Deemed to Reject |

G. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims and Interests to make

informed decisions to accept or reject the Plan and timely submit their Ballots.

H. The Tabulation Rules for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I. The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Plan Confirmation Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

IT IS HEREBY FOUND AND DETERMINED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is approved on an interim basis under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

3. **Administrative Expense Claims Bar Date: October 26, 2016 at 12:00 p.m. (Eastern Time)** shall be the deadline for all persons or entities (except for the Professionals retained in these Chapter 11 Cases) holding any right to payment constituting an actual, necessary cost or expense of administering these cases or preserving the estates under sections 503(b) and 507(a)(2) of the Bankruptcy Code (each, an "Administrative Expense Claim") for the period from the Petition Date through September 30, 2016 (the "Initial Administrative Expense Claims Period") to file a proof of Administrative Expense Claim.

4. The Plan Confirmation Hearing is scheduled for **October 26, 2016 at 1:00 p.m. (Eastern Time)**, before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in

Courtroom #5 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801.

5. The deadline to file objections to the adequacy of the Disclosure Statement and confirmation of the Plan (the "Objection Deadline") shall be **5:00 p.m. (Eastern Time) on October 17, 2016.** The Plan Confirmation Hearing may be continued from time to time by the Court or the Debtors, after consultation with the Committee and Mosing, without further notice other than adjournments announced in open court.

6. Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

- (a) be in writing;
- (b) comply with the Bankruptcy Rules and the Local Rules;
- (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person;
- (d) state with particularity the basis and nature of any objection to the adequacy of the Disclosure Statement and confirmation of the Plan and, if practicable, a proposed modification to the Combined Plan and Disclosure Statement that would resolve such objection; and
- (e) be filed, together with proof of service, with the Court and served so that they are actually received by the notice parties identified in the Plan Confirmation Hearing Notice by the Objection Deadline.

7. The Plan Confirmation Hearing Notice, in substantially the form of Exhibit 2 attached hereto, is approved, and shall be served upon the Debtors' creditor matrix and all interest holders of record as soon as practicable after the entry of this Order.

8. The record date (the "Voting Record Date") for determining which Holders of Claims and Interests are entitled to vote to accept or reject the Plan shall be the date on which this Order is entered.

9. The Debtors shall transmit a package (the "Solicitation Package") containing, among other materials, (a) the Combined Plan and Disclosure Statement (either in hard copy format or on a disk in PDF format), (b) an appropriate Ballot (as defined herein), (c) the Plan Confirmation Hearing Notice, and (d) this Order to the Holders of Claims in the Voting Classes within three (3) business days following entry of this Order.

10. As part of the Solicitation Package, the Debtors shall distribute, to creditors entitled to vote on the Combined Plan and Disclosure Statement, one or more ballots (the "Ballots") based on Official Form No. 314, modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for each class of Claims entitled to vote to accept or reject the Plan. The form of Ballot attached as Exhibit 1 hereto is hereby approved.

11. The Balloting Agent must receive original signed Ballots on or before **5:00 p.m. (Eastern Time) on October 17, 2016** the (the "Voting Deadline"). Ballots are to be delivered to the Balloting Agent by either first class mail, overnight mail or courier service at the following address: Miller Coffey Tate LLP, 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103 (Attn: Matthew R. Tomlin, CPA).

12. Holders of Claims who do not want to provide the releases to the Released Parties set forth in the Combined Plan and Disclosure Statement must affirmatively indicate so by checking the "opt out" box on the Ballot and submitting such Ballot to the Balloting Agent so that it is actually received by the Voting Deadline.

13. Ballots shall be transmitted by mail to the record holders of claims in the Voting Class. All other Holders of Claims or Interests will not be provided with a Ballot because such Holders are either (a) unimpaired and presumed to accept the Plan under section 1126(f) of the

Bankruptcy Code or (b) impaired and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code. Such non-voting Holders will receive a copy of the Plan Confirmation Hearing Notice.

14. If a creditor seeks to challenge the allowance of its Claim for voting purposes, such creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "3018 Motion") and serve the 3018 Motion on the Debtors so that it is received no later than twenty-one (21) days prior to the Plan Confirmation Hearing (the "3018 Motion Deadline"), which is **October 5, 2016**. The deadline to file an objection to a 3018 Motion shall be fourteen (14) days prior to the Plan Confirmation Hearing (the "3018 Objection Deadline"), which is **October 12, 2016**.

15. The following Tabulation Rules are approved and shall be utilized in tabulating the Ballots:

> (a) Any Ballot that is timely received, that contains sufficient information to permit the identification of the claimant, that is signed by the creditor or authorized agent, and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan. Except as otherwise ordered by the Bankruptcy Court, a claimant may not change its vote once a Ballot is submitted to the Balloting Agent.
>
> (b) Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;
>
> (c) Any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan will not be counted;
>
> (d) Any Ballot cast for a Claim designated or determined as unliquidated, contingent, or disputed or as zero or unknown in amount and for which no 3018(a) Motion has been Filed by the 3018(a) Motion Deadline will not be counted;
>
> (e) Any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted;

(f) Any Ballot received by the Balloting Agent after the Voting Deadline will not be counted, unless the Debtors, in consultation with the Committee, agree in writing to an extension of such deadline;

(g) Any Ballot not bearing an original signature will not be counted; and

(h) Any Ballot received by the Balloting Agent by facsimile or other electronic communication will not be counted.

16. Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims in each Voting Class accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to Plan Confirmation Hearing.

17. The Balloting Agent shall mail or transmit the Solicitation Packages no later than three (3) business days after the entry of this Order.

18. The Debtors, with the prior written consent of Mosing and after consultation with the Committee, are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Sept 6, 2016
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge