# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*, [1] | Case No. 15-11660 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Prop. Hrg. Date: Oct. 12, 2016**<br>**Prop. Obj. Deadline: Oct. 11, 2016 at 4:00 p.m.** |

## DEBTORS' EXPEDITED MOTION FOR ORDER APPROVING STIPULATION

ZLOOP, Inc., and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), by and through their attorneys, DLA Piper LLP (US), hereby move the Court (the "Motion") for the entry of an order, in substantially the form attached hereto as **Exhibit A**, authorizing and approving the stipulation attached hereto as **Exhibit B** (the "Stipulation") among the Debtors; the Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases (the "Committee"); Zloop LA, LLC ("ZLA"); and Kendall G. Mosing ("Mosing" and, collectively with the Debtors, the Committee and ZLA, the "Parties"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the

---

[1] The Debtors in these Chapter 11 Cases, and the last four digits of each Debtor's federal tax identification number, are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  The statutory bases for the relief requested herein are Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

2.      On August 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3.      On September 2, 2015, the United States Trustee for the District of Delaware appointed the Committee in these cases.

4.      On September 2, 2016, the Debtors filed the *Debtors' Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Filed by ZLOOP, Inc.* [D.I. 568] (the "Plan").

5.      On September 6, 2016, the Court entered the *Order Approving (A) Approving the Modified Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Administrative Expense Bar Date and Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Final Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* [D.I. 572].

6.      On September 9, 2016, the Debtors filed the *Amended Notice of (I) Establishment of Solicitation and Voting Procedures and (II) Final Hearing On Confirmation of Combined*

2

*Plan and Disclosure Statement* [D.I. 577], which, among other things scheduled a confirmation hearing with respect to the Plan on October 25, 2016.

7.      On the Effective Date of the Plan, the Plan Administrator (who will be chosen by and subject to the sole discretion of Mosing) and the Reorganized Debtors will succeed to the Debtors' ownership  certain Estate Causes of Action (as defined in the Plan) and the Debtors' privilege with respect to such Estate Causes of Action.

8.      In order to expedite Mosing's review of the Estate Causes of Action and to provide a means to address diligence or other requests prior to the Effective Date of the Plan, while still preserving the maximum extent of the Debtors' privilege with respect to such information, the Debtors, the Committee and Mosing have entered into the Stipulation.

## RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of an order approving the terms of the Stipulation, pursuant to Section 105(a) of the Bankruptcy Code.   The material terms of the Stipulation are set forth below.  All capitalized terms that are used herein without being defined shall have the meaning given to such terms in the Stipulation which is incorporated by reference, as if set forth entirely herein:[2]

    (i)      Under the Stipulation, the Debtors will produce to Mosing's outside attorneys certain Information at a date, time and location that is mutually convenient to the Parties for review by Mosing's outside attorneys as promptly as reasonably practical under the circumstances following the execution of the Stipulation and the Court's approval of same.

    (ii)      Prior to the Effective Date, Mosing's outside attorneys shall keep all produced documents confidential and shall not disclose or use same for a purpose other than evaluating Estate Causes of Action or otherwise in connection with diligence related to the transfer of rights, claims and/or

---

[2]      Reference is made to the Stipulation for a complete description of its terms.  To the extent any summaries and/or descriptions of the relationships of the parties and the terms of the Stipulation contained in the Motion differ in any way from that contained in the Stipulation, the Stipulation shall govern.  Capitalized terms used but not defined in this Motion have the meaning given in the Stipulation.

defenses to the Reorganized Debtors as contemplated under the Plan, unless a Plan approved by this Court allows other disclosure or use, or pursuant to other or further order of the Court.

(iii)    In the Stipulation, the Parties agree that production of Information that is subject to Privilege under the Stipulation is not intended to constitute waiver under FRE 502(a) and Mosing shall not assert waiver as a result of any Information produced by Debtors pursuant to the Stipulation.

(iv)    Further in the Stipulation, in accordance and consistent with FRE 502, the Parties agree that the disclosure under the Stipulation of Information subject to a claim of ACP or WPP does not act to waive or as a waiver of any Privilege with respect to any Information or as to any undisclosed document, communication, or information concerning the same or similar subject matter.

(v)    The Stipulation further provides that, in accordance and consistent with FRE 502, any disclosure under the Stipulation does not operate: (i) to render the documents, communications or other information of one Party as documents, communications or other information within the possession, custody or control of the other Party; or (ii) to waive or as a waiver of Privilege with respect to any Information or other information or as to any other disclosed or undisclosed document, communication or information concerning the same or similar subject matter.

(vi)    Finally, the Stipulation provides that any violation of the Stipulation and any order approving the Stipulation shall result in irreparable harm for which there is no adequate remedy at law.  The Parties further agreed that any Party shall be entitled to injunctive relief to enforce the terms of the Stipulation.

(vii)    The Stipulation contemplates that the Court will enter an order approving the Stipulation and entry of such an order will operate under FRE 502 to preclude any claim of waiver of Privilege by any of the Parties as well as by third parties in any federal or state proceeding.

## **BASIS FOR RELIEF REQUESTED**

10.    Approval of the Stipulation is appropriate as the terms and conditions of the Stipulation are fair, reasonable, and in the best interests of the Debtors, their estates and their creditors.

4

11.     Authorizing the Debtors to enter into and effectuate the terms of the Stipulation is well within the equitable powers of this court, as any delay in the Plan Administrator's ability to get up to speed on the Causes of Action, or the Reorganized Debtors' ability to promptly prosecute such Causes of Action would have a deleterious effect on the value of the Debtors' estates to their creditors.  Therefore, the opportunity presented by the Stipulation inures to the clear benefit of the Debtors and that of their estates and creditors.  *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." ); *see also Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

12.     The Stipulation provides a clear benefit to the Debtors' estates and their creditors, as it will permit Mosing, his professionals and the Plan Administrator to promptly take the reins of the Reorganized Debtor and to be in a position to rapidly maximize the value of the Debtors' estates to their creditors.

13.     Therefore, the Stipulation is the result of the Debtors' well-reasoned business judgment and approval of the Stipulation is within this Court's equitable powers and it should enter an order approving the terms and conditions of the Stipulation.

## NOTICE

14.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel for the Mosing; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as **Exhibit A:** (i) approving the Stipulation, and (ii) granting such other and further relief as the Court deems appropriate.


Dated:  October 5, 2016
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ Daniel N. Brogan_
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Katlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:  (302) 394-2341
Email:  stuart.brown@dlapiper.com
            craig.martin@dlapiper.com
            daniel.brogan@dlapiper.com
            kaitlin.edelman@dlapiper.com

*Counsel to Debtors and Debtors in Possession*

6