IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, Inc., et al.,[1] | Case No. 15-11660 (KJC) |
| Debtors. | Jointly Administered<br>Related Docket No. 568 |

**OBJECTION OF MSS, INC. TO DEBTORS' MODIFIED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION**

MSS, Inc. ("MSS"), by and through its undersigned counsel, hereby objects to the Debtors' Modified Combined Disclosure Statement and Joint Plan of Liquidation (the "Disclosure Statement and Plan") [Docket No. 568], In support of its Objection, MSS respectfully states as follows:

**BACKGROUND**

1. On or about June 10, 2014, ZLOOP, Inc. and MSS, Inc. entered into a contract through which MSS agreed to provide an optical separation system, a 64" wide L-VIS™ Module, Model LVR-1600-2D-M (the "Equipment"), for the mechanical separation of pre-processed e-scrap or metal scrap to ZLOOP, for $335,000 (the "Agreement").  Per the terms of the Agreement, 40% of the $335,000 purchase price – $134,000 – was to be paid on the date of the purchase order.  The estimated ready for shipment time of the Equipment was 14 weeks from the receipt of the Deposit.  ZLOOP paid the initial payment to MSS on or about June 10, 2014. The Agreement provides that another 30% ($100,500) was due 6 weeks from date of the order, and another 25% ($83,750) was due upon notification by MSS to the customer that the Equipment was ready for shipment.  ZLOOP was subsequently required to pay $16,750.  MSS

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the serve address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

88911621

built the equipment but ZLOOP breached the Agreement and the required subsequent payments of $201,000 were not made.[2]

2. On August 9, 2015, debtor ZLOOP and two affiliates, ZLOOP Knitting Mill LLC and ZLOOP Nevada LLC (collectively, the "Debtors"), filed voluntary petitions for relief under Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. These chapter 11 cases are being jointly administered.

3. ZLOOP subsequently brought an action against MSS in this Court seeking "turnover" under 11 U.S.C. § 542.  MSS believed the complaint was meritless and moved to dismiss the action or stay it while it was arbitrated.  The case was dismissed with prejudice as to claims under § 542, but not other claims.

4. On or about November 16, 2015, MSS filed a proof of claim asserting an unsecured non priority claim against ZLOOP in the amount of $201,000.  In the proof of claim, MSS asserted its rights of setoff and recoupment, so that in the unlikely event Debtor reinstates any action and is successful in obtaining damage against MSS, any such damages amount would be set off or recouped against the amounts Debtor owed to MSS for breach of contract pursuant to Sections 506 and 553 of the Bankruptcy Code.

5. The Debtors filed the Disclosure Statement and Plan on September 2, 2016. On September 6, 2016, the Bankruptcy Court entered its *Order (A) Approving the Modified Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Administrative Expense Bar Date and Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Final*

---

[2] This dispute is subject to mandatory arbitration, and MSS reserves all rights to have this matter arbitrated.  MSS has only filed a proof of claim due to the requirements of the bar date order and only files this objection to protect its setoff and recoupment rights under the Plan.

*Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* [Docket No. 572]. A hearing on final approval of the disclosure statement and confirmation of the plan is scheduled for October 25, 2016.

## OBJECTIONS

### A. MSS Objects to the Disclosure Statement and Plan because it seeks to extinguish MSS's setoff rights.

6. Section XI.E(iv) of the Disclosure Statement and Plan purports to enjoin creditors from asserting setoff rights against the Debtors. This requested injunction against the assertion of setoff rights is contrary to the express provisions of Section 553(a) of the Bankruptcy Code. Specifically, Section 553(a) provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. §553(a).

7. The plain language of this statute demonstrates that setoff rights are not affected by any provisions of the Bankruptcy Code except Sections 362 and 363 and, accordingly, cannot be extinguished by the confirmation of a plan. This is especially true when the party claiming the setoff asserted its setoff rights prior to confirmation. See *In re Continental Airlines*, 134 F.3d 536 (3d Cir. 1998), *cert, denied*, 525 U.S. 929 (implicitly finding that setoff rights are preserved if asserted before confirmation of a plan, such as in a timely filed proof of claim or an objection to plan confirmation); *In re ALTA+CAST, LLC*, 2004 WL 484881 *6, Walrath, J. (Bankr. D. Del., March 2, 2004) (holding that Section 553 preserves setoff rights if asserted prior to confirmation); In re DeLaurentiis Entertainment Group, Inc., 963 F.2d 1269 (9th Cir. 1992) (explaining that the Creditor's diligent pursuit of its setoff claim before the bankruptcy court

88911621

during the entire period the reorganization plan was being considered was sufficient to preserve the creditor's setoff claim). See also In re Whitaker, 173 B.R. 359, 362-63 (Bankr. S.D. Ohio 1994) ("A creditor will not be required to object to confirmation of a plan, then to bargain with the debtor for language allowing setoff to be inserted therein, when such right to setoff existed prepetition and is preserved by Section 553(a)").

8. The right of recoupment is a defense, as opposed to an affirmative claim. Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984); Folger Adam Security, Inc. v. DeMatteis/Macgregor, J.V., 209 F.3d 252, 260-61 (3d Cir. 2000). There is no authority in the Bankruptcy Code for impairing defenses of a party, particularly in a miniscule provision embedded at the end of a Plan. Cf. Folger Adam Security, Inc., 2009 F.3d at 261 (no authority in code that a defense may be extinguished as a result of a § 363 "free and clear" sale). Moreover, the Court of Appeals for the Third Circuit has long recognized that rights of recoupment under state law survive bankruptcy. See e.g. In re Monongahela Rye Liquors, 141 F.2d 864, 869 (3d Cir. 1944).

9. The Debtors' plan fails to specifically preserve MSS's setoff or recoupment rights. Moreover, there are provisions of the Plan that appear to be indirectly or directly inconsistent with the preservation of MSS's setoff and recoupment rights. MSS has formally and informally asserted its setoff and/or recoupment rights in a timely fashion and in accordance with the provisions of the Bankruptcy Code, and as a result, the Debtors have actual notice of such rights. It would be wholly inequitable to allow the Debtors to eliminate MSS's setoff and/or recoupment rights when the Debtors have had actual knowledge of MSS's rights well before confirmation.

88911621

**B.  MSS Objects to Section IX.G of the Disclosure Statement and Plan**

10. Section IX.G of the Disclosure Statement and Plan purports to give the Plan Administrator the authority to mark as satisfied, adjust or expunge claims at his discretion without notice or approval of the Bankruptcy Court. This provision is overreaching and extraordinary.  Moreover, it is especially egregious here because it appears that the Plan Administrator will not have any fiduciary duties to creditors. Accordingly, the Bankruptcy Court should not approve this provision.

## CONCLUSION

WHEREFORE, for the foregoing reasons, MSS respectfully requests that this Honorable Court enter an Order consistent with this Objection and granting MSS such other and further relief as is just and proper.

Dated:  October 17, 2016                **MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 888-6888
Facsimile:  (302) 571-1750
Email:  bfallon@morrisjames.com

*Attorneys for MSS, Inc.*