## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*, [1] | Case No.  15-11660 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Re D.I.s: 572, 618, 619, and 622** |

### DEBTORS' REPLY TO PLAN AND DISCLOSURE STATEMENT OBJECTIONS AND IN SUPPORT OF DEBTORS' MODIFIED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION

ZLOOP, Inc., and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), by and through their attorneys, DLA Piper LLP (US), hereby file this reply (the "Reply") to the objections filed by REI and MSS, and the informal objection asserted by ERS raising the same issues, and the reservation of rights filed by Debtors' founders, Robert Boston and Robert LaBarge.  Debtors file this response also in further support of approval and confirmation of *Debtors' Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 568] (the "Plan").  In support thereof, the Debtors respectfully represent as follows:

### THE RESPONSES

1.     On October 14, 2016, Robert Boston and Robert LaBarge filed their *Reservation of Rights* [D.I. 618] (the "Boston and LaBarge Reservation").[2]

---

[1]     The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098).  The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2]     On October 17, 2016, an "Objection to Plan" was entered on the docket as filed by Mr. Boston and Mr. LaBarge, setting forth (with the exception of the title) essentially identical text as the Boston and LaBarge Reservation.  Based on discussions with Mr. LaBarge, Debtors' counsel understands that their intent was to reserve rights, not object, evidenced by title of the document hand filed on Friday, October 14, 2016.

2.      Also on October 14, 2016, Recycling Equipment, Inc. ("REI") filed its *Objection to Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 619] (the "REI Objection").[3]

3.      Finally, on October 17, 2016, MSS, Inc. ("MSS") filed its *Objection to Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 622] (the "MSS Objection," and collectively with the Boston and LaBarge Reservation and the MSS Objection, the "Responses").

## REPLY TO RESPONSES

*A.  The Boston and LaBarge Reservation*

4.      The thrust of the Boston and LaBarge Reservation is Mr. Boston and Mr. LaBarge's desire that the Debtors use the cash proceeds of the asset sales to pursue litigation against Mr. Mosing, and others, rather than engage in the value-maximizing resolution embodied in the Plan Settlement and the resulting Plan.

5.      The draft factual allegations and the legal theories set forth in the draft complaint attached to the Boston and LaBarge Reservation are well known to the CRO and were evaluated by the CRO in his negotiations of the Plan Settlement and in pursuing confirmation of the Plan.   The CRO's business judgment is that the litigation claims are specious, the litigation would be extraordinarily costly and risky and materially delay the resolution of these bankruptcy cases.

6.      Additionally, the CRO's investigation, while incomplete, suggests that the Estates hold meritorious Causes of Action against Boston and LaBarge, among others, and

---

[3]      ERS asserted similar issues in an email sent to Debtors' counsel on October 19, 2016.

they should not be permitted to prevent the Plan Administrator from pursuing such causes of action for the benefit of the Estate's beneficiaries.

7.      Moreover, the releases and exculpation provisions of the Plan are narrowly tailored and are vital and necessary elements of the Plan.  Without protection from liability, key constituents, including, among others, Mosing, would have been unwilling to cooperate in connection with the formulation and confirmation of the Plan.

8.      The releases granted to Mosing in conjunction with the Plan were granted in consideration for, among other things, the Mosing Estate Payment and the Mosing Funding Payment, without which it is unlikely that the Plan Administrator would have the sufficient means to pursue the Debtors' Causes of Action and to maximize the value of the Estate Assets for beneficiaries of the Plan.

9.      Finally, the Plan does not act to impair any claim or defense of Boston or LaBarge, except Claims against the Estates.

10.      Put simply, if sustained, Mr. Boston's and Mr. LaBarge's objections to the injunction and exculpation provisions would undo the Plan Settlement embodied in the Plan and destroy value to all creditors of the Debtors' estates.

11.      Likewise, the other issues raised in the Boston and LaBarge Reservation, including certain substitutions of counsel and related transfers of the Debtors' files, are all interrelated to the ability of the Plan Administrator to zealously pursue all Causes of Action and maximize the value of the Estate Assets available for the Plan's beneficiaries.

12.      Without the cooperation of Mosing there would be no feasible plan and, therefore, the objections raised in the Boston and LaBarge Reservation should be overruled.

B.  *The REI and MSS Objections*

13.     REI and MSS each raise two objections to the Plan.  First, they argue that Section XI(E)(iv) of the Plan impermissibly extinguishes certain setoff rights alleged by REI and by MSS.  And, second, they object to the authority granted to the Plan Administrator under Section IX(G) of the Plan.

14.     REI's alleged right of setoff is premised upon, among other things, the allowance of an administrative claim alleged in the administrative claim request filed by REI,[4] as stated more specifically in the Debtors' objection thereto, the contingent claims alleged in the REI Administrative Claim Request (even if they ever arise) will not be entitled to treatment as an administrative expense of these Estates.  Therefore, REI has no claim with which to create a current right of setoff and its efforts to protect this illusory right are of no moment.  To the extent REI seeks to preserve other defensive rights of set off, or other defenses to Causes of Action brought on behalf of the estate, such defenses will be preserved and the plan clarified accordingly.

15.     Likewise, MSS seeks to preserve a right to setoff or recoupment that might arise "in the *unlikely event* that the Debtor reinstates any action and is successful in obtaining damage[s] against MSS…."  MSS Objection, at ¶ 4.  As with REI, to the extent MSS seeks to preserve defensive rights of set off, or other defenses to future Causes of Action brought on behalf of the estate, such defenses will be preserved and the plan clarified accordingly.

16.     Finally, as to each of REI and MSS's concerns with the authority granted to the Plan Administrator, the provision to which they object is an administrative provision that permits the Plan Administrator to revise the register of Claims as Claims are resolved.

---

[4]     On October 14, 2016 REI submitted to Debtors' counsel its *Request of Recycling Equipment, Inc. for Payment of Administrative Expense Claim*, contemporaneously with this Reply the Debtors will separately file an objection to the claims asserted in this request.

17.     This provision is not a blanket authority to expunge claims without notice or court approval.   Other provisions, namely, among others, Section IX(B), govern the Plan Administrator's procedural process with respect to the objection to Claims.

18.     The Debtors will confer with REI, MSS and ERS to clarify such intent in the context of the proposed confirmation order.

19.     Therefore, each of REI's, ERS' and MSS's objections should be overruled and the Court should confirm the Plan in its current form.

## CONCLUSION

20.     For the reasons set forth above, the Debtors respectfully request that the Court (i) overrule the Responses in their entirety and enter an order confirming the Plan; and (ii) grant such other and further relief as this Court deems just and proper.

EAST\135155371.2

Dated:  October 20, 2016
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Stuart M. Brown* .
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
Daniel N. Brogan (DE 5723)
Kaitlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
Email:  stuart.brown@dlapiper.com
         craig.martin@dlapiper.com
         daniel.brogan@dlapiper.com
         kaitlin.edelman@dlapiper.com

*Counsel to Debtors and*
*Debtors in Possession*

EAST\135155371.2