# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZLOOP, INC., *et al.*,[1] | ) | Case No. 15-11660 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related Docket No. 557 and 572** |

## REQUEST OF RECYCLING EQUIPMENT, INC. FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

1. Name of Claimant: Recycling Equipment, Inc. ("REI").

2. Nature and description of claim: The nature and description of REI's administrative expense claim is set forth in the attached Addendum.

3. Date clam arose: REI's administrative expense claim first arose as of the Petition Date (as defined in the Addendum).

4. Amount of Claim: REI's administrative expense claim is contingent and the amount will be determined by the Court in the North Carolina Action (as defined in the Addendum).

5. Documentation: The relevant documentation consists of the pleadings and documents produced in the North Carolina Action. The Debtors have copies of all relevant documentation.

Dated: October 12, 2016

Recycling Equipment, Inc.

By: /s/ Dean Burrow
Dean Burrow
Chief Business Officer
P.O. Box 1474
Hickory, NC 28603
704.325.3535

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the serve address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

1

## ADDENDUM TO ADMINISTRATIVE EXPENSE CLAIM
## OF RECYCLING EQUIPMENT, INC.

## IN RE: ZLOOP, INC., CASE NO 15-11660 (KJC)

On July 31, 2015, debtor ZLOOP, Inc. ("ZLOOP") filed a complaint (the "Complaint") against Recycling Equipment, Inc. ("REI"), William Walls, Joe Szany, and Scott Sharp (collectively, the "Defendants") commencing in the General Court of Justice of the State of North Carolina, Superior Court Division, 25th Judicial District Court of Catawba County styled *ZLOOP, Inc. v. Recyling Equipment Inc., et al.* and assigned file no. 15-CVS-1878 (the "North Carolina Action").

The Complaint alleges breach of contract and wrongful conduct in connection with the engineering, procurement, and installation of a mechanical process to recycle electrical waste and electronic equipment as well as related wire and cabling. The Complaint contains 265 paragraphs spanning 40 pages and alleges five counts: (i) fraud, (ii) negligent misrepresentations, (iii) breaches of contract, (iv) conspiracy to defraud, and (v) violations of North Carolina's Unfair and Deceptive Trade Practices Act - N.C.G.S. §75-1 *et seq*. In the Complaint, ZLOOP seeks, among other things, actual damages in excess of $5 million plus punitive damages.[2]

On August 9, 2015, debtor ZLOOP and two affiliates, ZLOOP Knitting Mill LLC and ZLOOP Nevada LLC (collectively, the "Debtors"), filed voluntary petitions for relief under Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. These chapter 11 cases are being jointly administered.

On or about August 31, 2015, the North Carolina Action was removed by consent to the United States District Court for the Western District of North Carolina, Statesville Division, where it was assigned civil action no. 5:15-cv-00111-RLV-DCK.

On or about February 12, 2016, REI and the other defendants in the North Carolina Action filed their answer. In the answer, the defendants assert five affirmative defenses: (i) dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), (ii) expiration of the statute of limitations, (iii) the Economic Loss Rule, (iv) contributory negligence, and (v) failure to mitigate damages.[3]

On or about November 16, 2015, Movant filed a proof of claim asserting secured claims against ZLOOP in the amount of $855,237.42. This amount includes (i) $40,247.20 secured by funds currently held in escrow arising from a secured loan REI made to ZLOOP and (ii) $814,990.25 consisting of a breach of contract claim and claims for unpaid amounts for goods and

---

[2] This brief description of the Complaint is by way of general background summary only and is not intended as an admission of any allegation contained in the Complaint, and REI reserves and preserves all of its rights thereto.

[3] This brief description of the Answer is by way of general background summary only and is not intended to limit in any manner whatsoever the full scope of the affirmative defenses and reservations of rights asserted in the Answer.

services REI provided to ZLOOP. These claims are secured by a right of setoff against ZLOOP pursuant to Sections 506 and 553 of the Bankruptcy Code in the event that any court determines that ZLOOP has any valid claims against REI.

On April 5, 2016, REI filed its *Motion of Recycling Equipment, Inc. for Relief from Automatic Stay* (the "Stay Relief Motion") [Docket No. 391]. In the Stay Relief Motion, REI sought relief from the automatic stay so that it could assert its claims against ZLOOP as counterclaims in the North Carolina Action and (ii) assert its right to setoff its claims against ZLOOP against any money judgment that the court in the North Carolina Action may award to ZLOOP.

On April 26, 2016, this Court entered its *Order Granting Motion of Recycling Equipment, Inc. for Relief from Stay* (the "Stay Relief Order") [Docket No. 415]. The Stay Relief Order provides, among other things, that "the automatic stay imposed in these cases pursuant to 11 U.S.C. § 362(a) is hereby modified to the extent required to permit Recycling Equipment, Inc. to (i) assert any rights of setoff it may have as a defense in the North Carolina Action (as defined in the Motion) and (ii) file and prosecute its counterclaims in the North Carolina Action."

On June 9, 2016, REI filed its Amended Answer to Complaint and Counterclaim in the North Carolina Action.

If REI prevails in the North Carolina Action, it will entitled to an award of costs pursuant to Fed. R. Civ. P. 54 (d). Moreover, as noted above, in the Complaint, ZLOOP asserted a cause of action for violations of North Carolina's Unfair and Deceptive Trade Practices Act - N.C.G.S. §75-1 *et seq*. N.C.G.S. §75-1 16.1 provides that:

> In any suit instituted by a person who alleges that the defendant violated G.S. § 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the availing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
>
> * * * * *
>
> (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

REI believes that ZLOOP knew or should have known that its claim against REI under the Unfair and Deceptive Trade Practices Action was frivolous and malicious. Accordingly, REI may be awarded attorneys' fees taxed as part of its costs. In addition, it is possible that the judge in the North Carolina Action may sanction ZLOOP pursuant to Fed. R. Civ. P. 11(c).

Damages resulting from the negligence and/or wrongful conduct of a trustee or debtor in possession give rise to "actual and necessary costs" for the purpose of an allowable claim of administrative priority for damages. *See Reading Co. v. Brown*, 391 U.S. 471, 482-84 (1968); *Yorke v. N.L.R.B.*, 709 F.2d 1138, 1143 (7th Cir.1983), *cert. denied*, 465 U.S. 1023 (1984) (the 7th Circuit relied upon *Reading* in holding that those injured during the trustee's administration of an

estate are entitled to an administrative priority regardless of whether their injury was caused by a tort or other wrongdoing); *Brandt v. Lazard Freres & Co, et al. (In re Healthco Int'l, Inc.)*, 310 F.3d 9 (1st Cir. 2002) (holding that costs awarded to defendants in unsuccessful lawsuit brought by trustee are entitled to administrative expense priority); *Caradon Doors and Windows, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc)*, 447 F.3d 461, 464 (6th Cir. 2006) (holding that claims against debtor for contributory patent infringement arising are post-petition entitled to administrative expense priority).

In this case, ZLOOP as debtor in possession, has continued to prosecute the North Carolina and, presumably, will continue to do so after confirmation of a plan. REI is entitled to an allowed administrative expense claim for any costs, attorneys' fees and/or sanctions awarded to it in the North Carolina Action related to the post-petition, pre-effective date period. In addition, REI we be entitled to payment in full from reorganized ZLOOP for any costs, attorneys' fees and/or sanctions awarded to it related to the post- effective date period.

REI does not waive any rights, claims, actions, defenses, setoffs, or recoupments to which REI is or may be entitled to under any agreements, in equity, or under any applicable law or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments REI expressly hereby asserts and preserves in these bankruptcy cases.

In addition to the person identified on the claim form, all notices regarding this claim should be served upon the following:

William A. Hazeltine
SULLIVAN • HAZELTINE • ALLINSON LLC
901 North Market Street, Suite 1300
Wilmington, DE  19801
302.428.8191
whazeltine@sha-llc.com