## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*,[1] | Case No. 15-11660 (KJC) |
| Debtors. | Jointly Administered |
| | **Re: D.I. 548, 557, 568, 572 & 625** |

## ORDER CONFIRMING AND APPROVING ON A FINAL BASIS DEBTORS' MODIFIED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION

WHEREAS, ZLOOP, Inc., ZLOOP Nevada, LLC, and ZLOOP Knitting Mill, LLC, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), have filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"):  (i) the *Debtors' Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the "Combined Plan and Disclosure Statement"), a final version of which is attached hereto as Exhibit A,[2] and (ii) the *Motion of the Debtors for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Administrative Expense Bar Date and Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Final Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* [Docket No. 557] (the "Motion");

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are:  ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors was 816 13th Street NE, Hickory, NC 28601.

[2]  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement (as modified by the Modifications (as defined below)).

- 1 -

WHEREAS, on September 9, 2016, the Bankruptcy Court entered the *Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Administrative Expense Bar Date and Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Final Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Approving the Related Form of Notice* [D.I. 572] (the "Disclosure Statement Order"), approving the adequacy of the disclosures in the Combined Plan and Disclosure Statement on an interim basis and otherwise granting the related relief requested by the Motion;

WHEREAS, due notice of the Confirmation Hearing has been given to Holders of Claims, Holders of Equity Interests, and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, as set forth in the related *Affidavits of Service* [respectively, Docket Nos. 576, 609, & 623] (collectively, the "Confirmation Notice Affidavit");

WHEREAS, in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, solicitation packages containing (i) the Combined Plan and Disclosure Statement, (ii) a Ballot, (iii) notice of the Confirmation Hearing, and (iv) the Disclosure Statement Order (collectively, the "Solicitation Packages") were transmitted to the Holders of Claims in Classes 3 and 4 (collectively, the "Voting Classes");

WHEREAS, on October 20, 2016, the Balloting Agent filed the *Declaration of Matthew R. Tomlin, CPA on Behalf of Miller Coffey Tate LLP Regarding Voting and Tabulation*

*of Ballots Accepting and Rejecting Debtors' Modified Combined Disclosure Statement and Joint*

*Chapter 11 Plan of Liquidation* [Docket No. 625] (the "<u>Voting Certification</u>"), containing a

tabulation of all valid Ballots received and demonstrating acceptance of the Combined Plan and

Disclosure Statement by the Voting Classes; and

WHEREAS, on October 25, 2016, the Bankruptcy Court conducted the

Confirmation Hearing.

**NOW, THEREFORE**, based upon the Bankruptcy Court's consideration of the

entire record of the Chapter 11 Cases, including, among other things, (i) the Disclosure

Statement Order, (ii) the Combined Plan and Disclosure Statement, (iii) the Motion, (iv) the

Confirmation Notice Affidavit, (v) any objections to the Combined Plan and Disclosure

Statement, and (vi) the Confirmation Hearing, and the Bankruptcy Court having found that the

Combined Plan and Disclosure Statement is confirmable and all objections thereto have either

been settled, withdrawn, or overruled at the Confirmation Hearing; and after due deliberation and

sufficient cause appearing therefor,

<b>IT IS HEREBY FOUND AND DETERMINED THAT:</b>

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein

and in the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact

and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made

applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following

findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the

following conclusions of law constitute findings of fact, they are adopted as such.

EAST\135339698.3

B.    Jurisdiction, Venue, Core Proceeding.  On August 9, 2015, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code with this Court.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtors are the plan proponents in accordance with section 1121(a) of the Bankruptcy Code.  Confirmation of the Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

C.    The Official Committee of Unsecured Creditors.  On September 2, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases.

D.    Judicial Notice.  The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

E.    Disclosure Statement Order Compliance.  The Debtors have complied with the Disclosure Statement Order, including the solicitation process, in all respects.

F.    Burden of Proof.  The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Debtors have met this burden.

EAST\135339698.3

G.    Voting.  As evidenced by the Voting Certification, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the solicitation process set forth in the Disclosure Statement Order, and applicable non-bankruptcy law.  The Voting Classes voted to accept the Plan.

H.    Solicitation.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Disclosure Statement Order.  The form of the Ballot adequately addressed the particular goals and requirements of the Combined Plan and Disclosure Statement, these Chapter 11 Cases, and the Bankruptcy Code, and is appropriate for the Holders of the Claims in the Voting Classes, each of whom may receive a Distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

1.    The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable in the circumstances of these Chapter 11 Cases and enabled the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Combined Plan and Disclosure Statement.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (collectively, the "Deemed Accepting Classes") as each such Class is unimpaired under the Combined Plan and Disclosure Statement and conclusively presumed to have accepted the Combined Plan and Disclosure Statement:  Class 1 (Secured Claims) and Class 2 (Other Priority Claims).

2.    The Debtors were not required to solicit votes from the Holder of Claims in Class 5 (Intercompany Claims) and Class 6 (Equity Interests) (collectively, the "Deemed Rejecting Classes") as such Classes received no recovery under the Combined Plan and Disclosure Statement and are deemed to reject the Combined Plan and Disclosure Statement.

3.    As described in and as evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were timely, adequate, and sufficient under the circumstances.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the

- 5 -

provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

I.      Good Faith. The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement. The Combined Plan and Disclosure Statement was negotiated and conducted at arm's-length and without collusion with any Person or Entity.

J.      Notice. As is evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

K.      Compliance with Disclosure Requirements (11 U.S.C. § 1125). The Combined Plan and Disclosure Statement complies with the applicable provisions of section 1125 of the Bankruptcy Code and should be approved as such on a final basis.

L.      Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as the plan proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

M. <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

N. <u>Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

O. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P. <u>Plan Administrator, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity and compensation of the Plan Administrator proposed to serve after the Effective Date have been fully disclosed in the Plan Supplement [Docket No. 609].

Q. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. There is no regulatory commission having jurisdiction after confirmation of the Combined Plan and Disclosure Statement over the rates of the Debtors and no rate change provided for in the Combined Plan and Disclosure Statement requiring approval of any such commission. Therefore, 11 U.S.C. § 1129(a)(6) is not applicable.

R.    Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).  The Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code.  The *Liquidation Analysis* [Docket No. 562, as supplemented] submitted in connection with the Combined Plan and Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim and/or Equity Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim and/or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  All Classes of Claims or Equity Interests either voted to accept the Plan (*i.e.*, Classes 3 and 4) or were deemed to accept the Plan (*i.e.*, Classes 1 and 2) other than the Deemed Rejecting Classes.  The Deemed Rejecting Classes are impaired by the Combined Plan and Disclosure Statement and are not entitled to receive or retain any property under the Combined Plan and Disclosure Statement and, therefore, are deemed to have rejected the Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the fact that the Deemed Rejecting Classes are impaired and are deemed to have rejected the Combined Plan and Disclosure Statement.

T.    Treatment of Administrative Expense Claims, Priority Tax Claims, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, and Allowed Professional Fee Claims pursuant to

EAST\135339698.3

the Combined Plan and Disclosure Statement satisfies the requirements of sections 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code.

U.      Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Holders of Claims in the Voting Classes voted to accept the Combined Plan and Disclosure Statement, determined without including any acceptance of the Combined Plan and Disclosure Statement by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V.      Feasibility (11 U.S.C. § 1129(a)(11)).  The Combined Plan and Disclosure Statement itself calls for liquidation of the Debtors.  Therefore, confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

W.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  The Combined Plan and Disclosure Statement provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

X.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13).  The Debtors do not maintain retirement plans or other benefits obligations.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Plan and Disclosure Statement.

Y.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

EAST\135339698.3

Z.    The Debtors are not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.    No Applicable Non-Bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).    The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

BB.    Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  The Holder of Claims and Interests in the Deemed Rejecting Classes are deemed to have not accepted the Combined Plan and Disclosure Statement.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the deemed rejection of the Combined Plan and Disclosure Statement by the Deemed Rejecting Classes.

CC.    Only One Plan (11 U.S.C. § 1129(c)).  The Combined Plan and Disclosure Statement is the only plan filed in these cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Exchange Act of 1933, and no governmental unit has objected to the confirmation of the Combined Plan and Disclosure

Statement on any such grounds. Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE. Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Bankruptcy Court and the record of the Chapter 11 Cases, the Debtors, DLA Piper LLP (US), as counsel to the Debtors, Miller Coffey Tate LLP, as accountants and bankruptcy and litigation consultants to and solicitation and tabulation agent for the Debtors, Getzler Henrich & Associates, LLC, and the CRO and their respective Related Persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Plan and Disclosure Statement and their participation in the activities described in section 1125 of the Bankruptcy Code and, therefore, are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article XI.A. of the Combined Plan and Disclosure Statement; provided, however, that nothing in this paragraph shall release or exculpate any Person or Entity that is not a Released Party or Exculpated Party.

FF. Implementation. All documents necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arm's-length and shall, upon completion of

documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

GG.    Releases.  The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in Article XI.B. and Article XI.C., and the related injunction in Article XI.D., and elsewhere in the Combined Plan and Disclosure Statement and the Confirmation Order.  Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Article XI.B. and Article XI.C., and the related injunction in Article XI.D., and elsewhere in the Combined Plan and Disclosure Statement and Confirmation Order, because, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the Plan Settlement among the various parties in interest and are essential to the formulation and implementation of the Combined Plan and Disclosure Statement, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors, their Estates, and all parties in interest, and (v) with respect to the third party releases, such releases have been consented to, or deemed consented to, by the Releasing Parties.

HH.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Plan and Disclosure Statement and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders.  The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the exculpation provision set forth in Article XI.A. and the releases provided for in Article XI.B. and Article XI.C., and the related injunction in Article XI.D., of the Combined Plan

- 12 -

and Disclosure Statement.  Accordingly, based upon the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the exculpation provision set forth in Article XI.A. and the releases set forth in Article XI.B. and Article XI.C., and the related injunction in Article XI.D., of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law.  The failure to implement the release provisions of the Combined Plan and Disclosure Statement would eviscerate the Plan Settlement and prevent confirmation of the Combined Plan and Disclosure Statement.

II.    Based on the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in sections 1125 and 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

3.    <u>Solicitation</u>.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

EAST\135339698.3

4.    <u>Confirmation of the Combined Plan and Disclosure Statement</u>.    The Combined Plan and Disclosure Statement (as modified by the Modifications) is approved on a final basis and confirmed under section 1129 of the Bankruptcy Code.    The terms of the Combined Plan and Disclosure Statement are incorporated by reference into, and are an integral part of this Confirmation Order.

5.    <u>Objections Resolved or Overruled</u>.    All objections, responses, statements, and comments in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.    In recognition of the entry of this Confirmation Order, the U.S. Trustee's motion to convert these Chapter 11 Cases to cases proceeding under chapter 7 is deemed withdrawn.

6.    <u>General Authorizations</u>.    The Combined Plan and Disclosure Statement was approved by the CRO.    Pursuant to the appropriate provisions of the corporate or business organizations law of the applicable states of organization of the Debtors, including, without limitation, DGCL § 303, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers, or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Plan and Disclosure Statement and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Combined Plan and Disclosure Statement.

7.    <u>Binding Effect</u>.    On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and Disclosure Statement shall bind the Debtors, all Holders of Claims and Equity Interests

- 14 -

(irrespective of whether such Claims or Equity Interests are impaired under the Combined Plan and Disclosure Statement or whether the Holders of such Claims or Equity Interests have accepted the Combined Plan and Disclosure Statement), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interest in these Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

        8.    <u>Vesting of Assets</u>.  As of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), except as otherwise provided herein or in the Combined Plan and Disclosure Statement, any assets that are property of the Debtors' Estates on the Effective Date including, without limitation, any Causes of Action, including those Causes of Action specifically identified in the Plan Supplement, shall revest in the Post-Effective Date Debtor on the Effective Date free and clear of all Liens, *provided, however*, that upon the abandonment or other disposition of the Hickory Property, and consistent with Article XIII.B.(x) of the Combined Plan and Disclosure Statement (as modified), the Hickory Property[3] shall not be substantively consolidated with and into the Post-Effective Date Debtor upon the Effective Date and shall  not constitute Residual Estate Assets or be revested in the Post-Effective Date Debtor, and the Post-Effective Date Debtor, the Plan Administrator and the Estates shall not be liable for any claims, damages, costs, fees, requests for payment of any kind whatsoever, Claims and/or causes of action against, under, or in connection with the Hickory Property arising from and after the Effective Date.  Further, for the avoidance of doubt, any claims, damages, costs, fees, requests for payment of any kind whatsoever, Claims and/or causes of action against, under, or in

---

[3]      Under the *Order (A) Authorizing the Sale of Certain Property Located in Hickory, NC Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Registering Back-Up Bidder and Bid and (C) Granting Related Relief* such real property was subject to a purchase option in favor of the buyer (Colt Refining, Inc.), which option was not exercised and lapsed on October 20, 2016.

connection with the Hickory Property arising prior to the Effective Date shall be paid solely from Estate Assets and not from the Plan Administrator Fund or the Creditor Distribution Fund. Thereafter, the Post-Effective Date Debtor (at the direction of the Plan Administrator) may use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules or Bankruptcy Court approval, subject to the terms of the Combined Plan and Disclosure Statement and the Confirmation Order. Except as specifically provided in the Combined Plan and Disclosure Statement or the Confirmation Order, as of the Effective Date, all property of the Debtors and Post-Effective Date Debtor shall be free and clear of any Liens, Claims, encumbrances and interests of any kind. In addition, all of the Privileges of the Estates and the Debtors including, but not limited to, the attorney/client privilege, work product protections or other immunities (including those related to common interests or joint defenses with other parties), or protections from disclosure of any kind held by the Debtors or their Estates, shall be transferred, assigned, and delivered to the Post-Effective Date Debtor, as in existence as of the Effective Date, without waiver or release, and shall vest with and to the Post-Effective Date Debtor.  The Post-Effective Date Debtor shall hold and be the beneficiary of all such Privileges and entitled to assert or waive such Privileges. No such Privilege shall be waived by disclosures to Mosing, the Plan Administrator or the Post-Effective Date Debtor, or any of their respective professionals, representatives or agents, of the Debtors' documents, information, or communications subject to attorney-client privileges, work product protections or other immunities (including those related to common interest or joint defense with third parties), or protections from disclosure held by the Debtors.

      9.    <u>Implementation of the Combined Plan and Disclosure Statement</u>.   The Debtors and Post-Effective Date Debtor are hereby authorized to execute, deliver, file or File, or

record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Plan and Disclosure Statement, including all such actions delineated in Article X of the Combined Plan and Disclosure Statement. On the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file or File, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Post-Effective Date Debtor.

10. <u>Dissolution of the Debtors and the Post-Effective Date Debtor</u>. Upon the entry of the Confirmation Order, the Debtors (other than the Post-Effective Date Debtor) shall be deemed dissolved or terminated for all purposes without the necessity for any other or further actions, including, without limitation, the payment of any franchise or similar taxes to the state or commonwealth of incorporation or organization of such Person or Entity. As soon as practicable after the closing of the Post-Effective Date Debtor's Chapter 11 Case, the Plan Administrator, on behalf of the Post-Effective Date Debtor, may: (i) file a certificate of dissolution or such similar document, together with all other necessary corporate documents, to effect the Post-Effective Date Debtor's dissolution or termination under the applicable laws of its state of incorporation or domicile; and (ii) complete and file such Post-Effective Date Debtor's final federal, state and local tax returns. Following such actions, the Post-Effective Date Debtor shall be dissolved or terminated for all purposes without the necessity for any other or further actions, including, without limitation, the payment of any franchise or similar taxes to the state or commonwealth of incorporation or organization of such Person or Entity. The filing by the Post-Effective Date Debtor of its certificate of dissolution or similar document shall be authorized and approved in all respects without further action under applicable law, regulation, order or rule, including,

without limitation, any action by the stockholders, members or the board of directors of the Post-Effective Date Debtor.

11.    <u>Compromise of Controversies</u>.    The Plan Settlement embodied in the Combined Plan and Disclosure Statement is approved in all respects.

12.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.    Except as is set forth in the Combined Plan and Disclosure Statement, pursuant to Article XII of the Combined Plan and Disclosure Statement, as of the Effective Date, all Executory Contracts to which any of the Debtors is a party are hereby rejected as of the Effective Date.

13.    <u>Preservation of Insurance</u>.    Notwithstanding anything to the contrary contained herein or in the Combined Plan and Disclosure Statement, nothing shall diminish or impair the enforceability of any insurance policy or claim of the Debtors that may provide coverage for claims, Claims, Causes of Action or causes of action against the Debtors, the Post-Effective Date Debtors, their current and former directors and officers, or any other Person or Entity.

14.    <u>Binding Exculpation Provision.</u>    All exculpation provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to, those contained in Article XI.A of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all Persons and Entities, to the extent provided therein or herein.

15.    <u>Binding Release Provisions.</u>    All release provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to, those contained in Article XI.B and Article XI.C of the Combined Plan and Disclosure Statement, are

EAST\135339698.3

approved and shall be effective and binding on all Persons and Entities, to the extent provided therein or herein.

16.    Binding Injunction Provisions.  All injunction provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to those contained in Article XI.D and Article XI.E of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all Persons and Entities, to the extent provided therein or herein.  Notwithstanding anything in the Plan or the Confirmation Order to the contrary, (i) any setoff and recoupment claims held by E Recycling Systems, LLC, Recycling Equipment, Inc. or MSS, Inc. shall be preserved as set forth under Sections 506 and 553 of the Bankruptcy Code, the *Order Granting Motion of Recycling Equipment, Inc., for Relief from Stay* [D.I. 415] and other applicable authority, and (ii) E Recycling Systems, LLC, Recycling Equipment, Inc. and MSS, Inc. shall receive notice and an opportunity to object with respect to any setoff or recoupment that the Plan Administrator may seek to exercise against it.

17.    Exceptions from Exculpation, Release and Injunction Provisions. Notwithstanding anything to the contrary in the Combined Plan and Disclosure Statement and/or this Confirmation Order, nothing in the Combined Plan and Disclosure Statement and/or this Confirmation Order, including the exculpation, release and injunction provisions, or any Ballot submitted by Mosing, shall in any way (i) prejudice any Claim objection, claim, cause of action or Cause of Action that Mosing and/or the Plan Administrator (on behalf of the Post-Effective Date Debtor) may have against any Person or Entity that is not being released or exculpated under the Combined Plan and Disclosure Statement or this Confirmation Order, including, without limitation, any insurer of the Debtors; (ii) enjoin or otherwise prevent Mosing and/or the Plan Administrator from commencing or continuing any Claim objection, claim, Cause of

- 19 -

Action, cause of action or other proceeding against the Debtors and/or Post-Effective Date Debtor if doing so is necessary in order to establish liability against any Person or Entity that is not being released or exculpated under the Combined Plan and Disclosure Statement and/or the Confirmation Order; and/or (iii) enjoin, prejudice or in any way prevent Mosing and/or the Plan Administrator (on behalf of the Post-Effective Date Debtor and/or for or in the name of any Debtor) from making a demand on or under any insurance policy of the Debtors and to receive or benefit from any proceeds therefrom.

18.    <u>Payment of Statutory Fees</u>.  All Statutory Fees that are due and owing as of the Effective Date or that have accrued, but are not yet due, as of the Effective Date shall be paid by the Post-Effective Date Debtor from the Estate Assets when such fees are due. After the Effective Date, the Plan Administrator shall pay any and all such fees when due and payable, and such fees shall constitute Plan Administrator Expenses.  After the Effective Date, the Plan Administrator shall File with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  Notwithstanding the limited substantive consolidation provided for in the Combined Plan and Disclosure Statement, each and every Debtor shall remain responsible for the payment of quarterly fees pursuant to 28 U.S.C. § 1930, until the earliest of the time a particular case is closed, dismissed or converted.

19.    <u>Reversal/Stay/Modification/Vacatur of Confirmation Order</u>.   Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of the Bankruptcy Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien

incurred or undertaken by the Debtors, as applicable, pursuant to the Combined Plan and Disclosure Statement and the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of the Confirmation Order and the Combined Plan and Disclosure Statement or any amendments or modifications thereto.

20.     Plan Funder.  The Plan Funder has no fiduciary or other duty of any kind to the Debtors, the Estates, any creditor thereof, or any other Person, Entity or party, for or in connection with the Plan Settlement, the Combined Plan and Disclosure Statement or the Plan Funder's exercise of its rights as provided under the Plan Settlement, Combined Plan and Disclosure Statement and orders of the Bankruptcy Court, including but not limited to the Plan Funder's appointment of the Plan Administrator or any and all directions given to the Plan Administrator by the Plan Funder, except to pay the Mosing Estate Payment and the Mosing Funding Payment as expressly provided under the Plan Settlement and the Combined Plan and Disclosure Statement.

21.     Plan Administrator.

(i)      Identity. The identity of the initial Plan Administrator was set forth in the Plan Supplement.

(ii)     Authority of the Plan Administrator.

On the Effective Date, the Plan Administrator, without further action under applicable law, regulation, order or rule, including, without limitation, any action by the

stockholders, members or the board of directors of the Post-Effective Date Debtor, shall be appointed or elected, as applicable, as the sole officer (and, as such officer, shall be both the President and Secretary) and director of the Post-Effective Date Debtor. Further, on the Effective Date, the authority, power and incumbency of the Persons then acting as directors, officers, managers and other authorized persons of the Debtors shall be terminated and such Persons shall be deemed to have resigned.

The Plan Administrator shall, in addition to any powers and authority specifically set forth in this Confirmation Order and/or the Combined Plan and Disclosure Statement, be the designated representative under § 1123(b)(3) and empowered to act on behalf of the Post-Effective Date Debtor to (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under this Confirmation Order and/or the Combined Plan and Disclosure Statement; (ii) establish, as necessary, disbursement accounts for the deposit and Distribution of all amounts Distributed under this Confirmation Order and/or the Combined Plan and Disclosure Statement; (iii) make Distributions in accordance with the Combined Plan and Disclosure Statement; (iv) object to Claims, as appropriate; (v) employ and compensate professionals to represent the Plan Administrator and the Post-Effective Date Debtor with respect to its responsibilities or otherwise; (vi) assert, or not assert, in its sole and absolute discretion (but subject to the direction and oversight of the Plan Funder), any of the Estates' Causes of Action in the Bankruptcy Court or other court of competent jurisdiction; and (vii) exercise such other powers as may be vested in the Post-Effective Date Debtor and/or the Plan Administrator by Order of the Bankruptcy Court, pursuant to the Plan Settlement, Combined Plan and Disclosure Statement, or as deemed by the Plan Administrator to be necessary and proper to

implement the provisions this Confirmation Order and/or the Combined Plan and Disclosure Statement.

The Plan Administrator may, in its sole and absolute discretion (but subject to the direction and oversight of the Plan Funder), and without further Order, take any and all actions which it deems reasonably necessary or appropriate in connection with prosecuting any Cause or Action or defending against any Claim, including, without limitation, (i) exercise any and all judgment and discretion with respect to the manner in which to prosecute (or not to prosecute) or settle any Cause of Action or defend against or settle any Claim, including, without limitation, the retention of professionals, experts and consultants; and (ii) enter into a settlement agreement or agreements. For the avoidance of doubt, the Plan Administrator may, in its sole and absolute discretion and without further Order make all determinations and decisions with respect to the prosecution of claim, Claims objections and Causes of Action, including any determination or decision not to prosecute or pursue any claim, Claim objection or Cause of Action. Furthermore, the decision or determination of the Plan Administrator, the Plan Funder and/or Mosing not to prosecute or otherwise pursue any claim, Claim objection, cause of action or Cause of Action shall not result in the Plan Administrator, the Plan Funder and/or Mosing being liable to any Person or Entity as a result of such determination or decision. In the event Mosing or the Plan Administrator identifies an Administrative Expense Claim to which they have filed or anticipate filing an objection, they shall give the CRO not less than two business-days' notice prior to the Effective Date of such pending objection or intent to object, whereupon the CRO shall turn over to the Plan Administrator on the Effective Date any reserve held with respect to the holder of such asserted Administrative Expense Claim, with the balance of any such reserve funds to be used to pay any deferred Allowed Professional Fee Claims.

- 23 -

(iii)    Duties to the Plan Funder.  The Plan Administrator shall report directly to the Plan Funder and shall take direction solely from the Plan Funder or his designees or assignees. The Plan Funder may, in his sole and absolute discretion, remove and replace the Plan Administrator without notice to any party or order of the Bankruptcy Court.  In the event that the Post-Effective Date Debtor changes its corporate form by merger, conversion, consolidation or otherwise, such change shall have no effect on the relative rights and powers of the Plan Funder in relation to the Plan Administrator, or as successor to the Debtors' Causes of Action.

22.    Equity in the Post-Effective Date Debtor.  On the Effective Date, one new share of the Post-Effective Date Debtor shall automatically, without further action, be deemed issued to the initial Plan Administrator, subject to the provisions of the Combined Plan and Disclosure Statement and this Confirmation Order. Unless later authorized in accordance with applicable non-bankruptcy law, such share shall not be certificated.   If a Plan Administrator resigns or is removed, unless otherwise directed by the Plan Funder, such equity interest in the Post-Effective Date Debtor shall be deemed automatically transferred to the successor Plan Administrator.  At any time, the Plan Funder may direct that the Plan Administrator transfer such share to any Person or Entity including, without limitation, the Plan Funder.  Further, at any time, the Plan Funder may elect to receive Distributions as a creditor or the holder of the equity of the Post-Effective Date Debtor for tax planning or any other reason.

23.    Retention of Jurisdiction.  Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Plan and Disclosure Statement are carried out.  The Bankruptcy Court shall have

EAST\135339698.3

jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and the Combined Plan and Disclosure Statement pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(i)      To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(ii)     To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(iii)    To issue such Orders in aid of execution and consummation of the Combined Plan and Disclosure Statement, to the extent authorized by section 1142 of the Bankruptcy Code;

(iv)    To consider any amendments to or modifications of the Combined Plan and Disclosure Statement, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(v)     To hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

(vi)    To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Combined Plan and Disclosure Statement;

(vii)   To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors or the Plan Administrator for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(viii)  To hear any other matter not inconsistent with the Bankruptcy Code;

(ix)    To enter a final decree closing the Chapter 11 Cases;

EAST\135339698.3

(x)    To ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement;

(xi)    To decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors;

(xii)    To issue injunctions, enter and implement other Orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Plan and Disclosure Statement, except as otherwise provided herein;

(xiii)    To determine any other matters that may arise in connection with or related to the Combined Plan and Disclosure Statement, this Confirmation Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Combined Plan and Disclosure Statement;

(xiv)    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(xv)    To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(xvi)    To resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the Bar Date, the Administrative Expense Bar Date, and/or the Confirmation Hearing for the purpose of determining whether a Claim, or Equity Interest is enjoined hereunder or for any other purpose;

(xvii)    To hear and determine any Claim, claim, action and/or Cause of Action referred to in the Combined Plan and Disclosure Statement and/or the Plan Supplement;

(xviii) To resolve disputes concerning the turnover of Books and Records as required or as is otherwise provided under the terms of the Combined Plan and Disclosure Statement; and

(xix)    To resolve any other matter or for any purpose specified in the Combined Plan and Disclosure Statement, the Confirmation Order, or any other document entered into in connection with any of the foregoing.

24.    Exemption from Certain Taxes.    Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Combined Plan and Disclosure Statement shall not be subject to any stamp tax, real estate transfer tax, or similar transfer fee or tax.

25.    Immaterial Modifications to Combined Plan and Disclosure Statement.

(i)    Definition of Exculpated Parties.    The definition of "Exculpated Parties" in Article II.A.50 of the Combined Plan and Disclosure Statement shall be amended (additions underlined and bolded) and restated as follows:

"50.    **"Exculpated Parties"** means only the following Persons and Entities: (i) the Committee, its members, Cole Schotz P.C., as counsel to the Committee, and Goldin Associates, LLC, as financial advisor to the Committee and their respective Related Persons, in each case, solely in their respective capacities as such; and (ii) the Debtors, DLA Piper LLP (US), as counsel to the Debtors, Miller Coffey Tate LLP, as accountants and bankruptcy and litigation consultants to the Debtors, Getzler Henrich & Associates, LLC, and the CRO, in each case, solely in their respective capacities as such; provided, however, that notwithstanding anything to the contrary in this Combined Plan and Disclosure Statement, Exculpated Parties shall not include the Boston Parties and/or LaBarge Parties, Parker Poe Adams & Bernstein, LLP, **Phelps Dunbar, LLP,** McGuireWoods LLP, any counsel other than DLA Piper LLP (US) engaged by the Debtors either prior to or after the Commencement Date, any Related Persons of the foregoing, and any other Persons or Entities **or categories of Persons or Entities specifically or generally** identified in the **Schedule of Retained Causes of Action in the** Plan Supplement."

(ii)    Definition of Released Parties.    The definition of Released Parties in Article II.A.102 of the Combined Plan and Disclosure Statement shall be amended (additions underlined and bolded) and restated as follows:

"102.  **"Released Parties"** means the following Persons and Entities: (i) the Committee, its members, Cole Schotz P.C., as counsel to the Committee, and Goldin Associates, LLC, as financial advisor to the Committee and their respective Related Persons, in each case, solely in their respective capacities as such; (ii) the Mosing Released Parties and their respective Related Persons; and (iii) DLA Piper LLP (US), as counsel to the Debtors, Miller Coffey Tate LLP, as accountants and bankruptcy and litigation consultants to the Debtors, Getzler Henrich & Associates, LLC, and the CRO and their respective Related Persons, in each case, solely in their respective capacities as such; provided, however, that notwithstanding anything to the contrary in this Combined Plan and Disclosure Statement, Released Parties shall not include the Boston Parties and/or LaBarge Parties, Parker Poe Adams & Bernstein, LLP, **Phelps Dunbar, LLP,** McGuireWoods LLP, any counsel other than DLA Piper LLP (US) engaged by the Debtors either prior to or after the Commencement Date, any Related Persons of the foregoing, and any other Persons or Entities **or categories of Persons or Entities specifically or generally** identified in the **Schedule of Retained Causes of Action in the** Plan Supplement."

(iii)  Conditions Precedent to the Effective Date.  Article XIII.B of the Combined Plan and Disclosure Statement shall be amended to add the following condition precedent to the Effective Date:

"(x)     The Bankruptcy Court shall, after appropriate notice and, if necessary, a hearing, enter an Order, in form and substance acceptable to Mosing, authorizing and approving, effective immediately prior to the Effective Date, the abandonment or other disposition of that certain real property located at 838 14th Street NE, Hickory, NC and any and all improvements thereon (collectively, the "**Hickory Property**").  For the avoidance of doubt, no condition precedent to the Effective Date including, without limitation, the condition precedent set forth in this sub-paragraph (x), may be waived or modified without the express written consent of Mosing."

26.  Modifications to the Combined Plan and Disclosure Statement Prior to the Confirmation Date.  Any modifications to the Combined Plan and Disclosure Statement since the commencement of solicitation thereof, including, without limitation, those modifications set forth in paragraphs 24 and 25 hereof (collectively, the "Modifications"), constitute immaterial modifications or do not adversely affect or change the treatment of any Claims or Equity Interests.  Pursuant to section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019, the Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of acceptances or rejections of the Combined Plan and Disclosure Statement under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims against

the Debtors be afforded an opportunity to change previously cast acceptances or rejections of the Combined Plan and Disclosure Statement. The Filing of the Modifications and the disclosure of the Modifications on the record at the Confirmation Hearing, constitute due and sufficient notice thereof under the circumstances of the Chapter 11 Cases. Accordingly, the Combined Plan and Disclosure Statement (which consists of the Combined Plan and Disclosure Statement as modified by the Modifications) is properly before the Bankruptcy Court, and all votes cast with respect to the Combined Plan and Disclosure Statement prior to the Modifications shall be binding and shall apply with respect to the Combined Plan and Disclosure Statement.

27. <u>Modifications to the Combined Plan and Disclosure Statement After the Confirmation Date</u>. The Combined Plan and Disclosure Statement may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, the Combined Plan and Disclosure Statement, and this Confirmation Order; provided, however, that no modification may be made to the Combined Plan and Disclosure Statement without the prior written consent of the Committee (which consent may not be unreasonably withheld) and Mosing (which consent may be withheld for any reason or no reason in Mosing's sole and absolute discretion). In addition, after the Confirmation Date, the Debtors may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Plan and Disclosure Statement or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Plan and Disclosure Statement. Further, prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Combined Plan and Disclosure Statement without further order or approval of the Bankruptcy Court.

EAST\135339698.3

28.   <u>Closing of Chapter 11 Cases</u>.   As soon as practicable after the Effective Date, the Post-Effective Date Debtor is authorized to and shall submit an Order to the Bankruptcy Court under certification of counsel that is in form and substance acceptable to the U.S. Trustee that closes each of the Chapter 11 Cases except ZLOOP, Inc.'s Chapter 11 Case. The Debtors' consolidated estate shall be administered through ZLOOP, Inc.'s Chapter 11 Case. Once the Combined Plan and Disclosure Statement has been fully administered, the Post-Effective Date Debtor shall file a final report and a motion seeking a final decree in accordance with the applicable Bankruptcy Rules.

29.   <u>Governing Law</u>.   Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Combined Plan and Disclosure Statement provide otherwise, the rights and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law of such jurisdiction.

30.   <u>Applicable Non-Bankruptcy Law</u>.   Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

31.   <u>Documents and Instruments Filing/Recording</u>.   Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

EAST\135339698.3

32.    <u>Governmental Approvals Not Required</u>.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

33.    <u>Notice of Entry of Confirmation Order and Effective Date</u>.    The form of notice of occurrence of the Effective Date and entry of the Confirmation Order, attached hereto as <u>Exhibit B</u> (the "<u>Effective Date Notice</u>"), provides adequate and reasonable notice and is hereby approved.  On or within two (2) Business Days following the Effective Date, the Post-Effective Date Debtor shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Securities and Exchange Commission, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Equity Interests, (vii) all counterparties to Executory Contracts, (viii) the U.S. Trustee, and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

34.    <u>Substantial Consummation</u>.    On the Effective Date, the Combined Plan and Disclosure Statement shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

35.    <u>Waiver of Stay</u>.    The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and

- 31 -

6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

36.    <u>Inconsistency</u>.    To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

37.    <u>No Waiver</u>.    The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated herein by reference.

Dated: ___Oct 25___, 2016
       Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

EAST\135339698.3